OPINION
{¶ 1} Appellant, Jason W. Caldwell ("Caldwell"), appeals the August 23, 2002 judgment of the Lake County Court of Common Pleas sentencing him to serve a twelve and one-half year prison term at the Lorain Correctional Institution in Grafton, Ohio. For the following reasons, we affirm the decision of the lower court.
 {¶ 2} On June 20, 2002, Caldwell entered a plea of guilty to one count of aggravated burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, three counts of attempted grand theft of a motor vehicle in violation of R.C. 2913.02 and 2923.02, felonies of the fifth degree, and two counts of abduction in violation of R.C. 2905.02, felonies of the third degree.
 {¶ 3} On August 14, 2002, the trial court held a sentencing hearing. The court sentenced Caldwell to serve a prison term of three years for the burglary count, six months for each of the attempted grand theft of a motor vehicle counts, four years for one of the abduction counts, and five years for the other abduction count. The court ordered the three six-month sentences for the attempted grand theft counts to be served concurrently with each other, but consecutive to the other prison terms. The court further ordered that the sentences for the burglary count and the two abduction counts all be served consecutively. Thus, Caldwell was sentenced to an aggregate term of twelve and one-half years in prison.
 {¶ 4} Caldwell raises the following assignments of error for review:
 {¶ 5} "[1.] The trial court erred to the prejudice of defendant-appellant by imposing a prison term for felonies of the fifth degree.
 {¶ 6} "[2.] The trial court erred to the prejudice of defendant-appellant by imposing consecutive sentences.
 {¶ 7} "[3.] The trial court erred to the prejudice of defendant-appellant by imposing a prison term greater than the minimum provided by O.R.C. § 2929.14(A), where defendant-appellant had not previously served a prison term.
 {¶ 8} "[4.] The trial court erred to the prejudice of defendant-appellant by imposing the maximum prison term for abduction where the record does not support the findings required by O.R.C.2929.14(C)."
 {¶ 9} Pursuant to R.C. 2953.08(G)(2), an appellate court reviews a felony sentence de novo. State v. Johnson, 11th Dist. No. 2001-A-0043, 2002-Ohio-6570, at ¶ 30 (citation omitted). An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that "the record does not support the sentencing court's findings," or that "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b). "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Johnson, 2002-Ohio-6570, at ¶ 30 (citation omitted).
 {¶ 10} In his first assignment of error, Caldwell argues that the trial court erred in sentencing him to prison time for a fifth degree felony rather than imposing community control sanctions. According to Caldwell, there is a presumption in favor of community control sanctions instead of prison under R.C. 2929.13(B), which governs sentencing for fourth and fifth degree felonies. Caldwell asserts that if a sentencing court decides to sentence an offender to prison for a fourth or fifth degree felony, the court must first find that one of the factors enumerated in R.C. 2929.13(B)(1) is applicable. We disagree.
 {¶ 11} This court has previously rejected Caldwell's argument. "[T]here is no statutory presumption that a fourth or fifth degree felon be sentenced to community control rather than prison. Although the Sentencing Commission recommended a straight presumption against imprisonment for fourth or fifth degree felonies unless one of the eight enumerated factors increasing the seriousness of the offense existed, the General Assembly was unwilling to accept a straight presumption. Rather, R.C. 2929.13(B) gives general guidance and a `disposition against imprisonment' for fourth and fifth degree felonies. Griffin Katz, Ohio Felony Sentencing Law, 1996-97, pp. 61-62, 67." State v. Painter,
11th Dist. No. 2000-A-0093, 2002-Ohio-1436, 2002 Ohio App. LEXIS 1492, at *5-*6, quoting State v. Powell (Jan. 22, 1999), 2nd Dist. No. 98 CA 33, 1999 Ohio App. LEXIS 115, at *11-*12; also, State v. Irons (July 30, 1999), 11th Dist. No. 97-G-2108, 1999 Ohio App. LEXIS 3510, at *8-*9.
 {¶ 12} As construed by this court, "R.C. 2929.13(B)(2), subsection (a) mandates that the trial court impose a prison sentence where it makes a finding under (B)(1) and where it also finds, after considering the R.C. 2929.12 factors, that a prison sentence is consistent with the purposes and principles of sentencing and that the offender is not amenable to a community control sanction. On the other hand, subsection (b) mandates that the trial court impose a community control sanction where it does not make a finding under (B)(1) and where it also finds, after considering the R.C. 2929.12 factors, that a community control sanction or a combination of community control sanctions is consistent with the purposes and principles of sentencing." Painter, 2002 Ohio App. LEXIS 1492, at *6 (emphasis sic), quoting Powell, 1999 Ohio App. LEXIS 115, at *12; also, Irons, 1999 Ohio App. LEXIS 3510, at *9-*10.
 {¶ 13} When none of the R.C. 2929.13(B)(1) factors apply, but the court finds that prison is consistent with the purposes and principles of sentencing and the offender is not amenable to community control sanctions, then it is within the court's judgment whether to impose a term of imprisonment. Irons, 1999 Ohio App. LEXIS 3510, at *10; State v.Roseberry (Feb. 24, 2000), 7th Dist. No. 99-JE-13, 2000 Ohio App. LEXIS 797, at *15-*16; State v. Fincher (Oct. 14, 1997), 10th Dist. No. 97APA03-352, 1997 Ohio App. LEXIS 4623, at *10-*11; State v. Sutherland
(Aug. 15, 1997), 2nd Dist. No. 97 CA 25, 1997 Ohio App. LEXIS 3621, at *11-*12.
 {¶ 14} In the present case, the trial court stated on the record: "With regard to sentencing factors on Felony 4's and 5's, pursuant to Section 2929.13(B)(1), we have the Willoughby Municipal Court case to whatever extent that could be deemed committed while you were under community control. * * * After weighing the seriousness ¶ and recidivism factors [of R.C. 2929.12], I find that prison is consistent with the purposes and principles of sentencing [in R.C. 2929.11] and the offender is not amenable to an available community sanction."
 {¶ 15} Caldwell argues that his conviction in Willoughby Municipal Court does not support the trial court's finding that he committed the attempted grand theft offenses while under a community control sanction. R.C. 2929.13(B)(1)(h). After reviewing Caldwell's presentence investigation report, we agree. On October 17, 2001, Caldwell was sentenced in Willoughby Municipal Court to 180 days in jail for aggravated menacing. There is no indication that the Willoughby Municipal Court imposed any sort of community control sanction or probation on Caldwell in conjunction with this sentence. Nor is there any evidence of any other court imposing a community control sanction or probation on Caldwell. Accordingly, the record does not support the trial court's finding that one of the factors enumerated in R.C. 2929.13(B)(1) applied to Caldwell's attempted grand theft convictions.[1]
 {¶ 16} A trial court may still impose a prison term, instead of community control sanctions, although it has erroneously determined that one of the R.C. 2929.13(B)(1) factors applied. The court may do so provided it has determined that prison is consistent with the purposes and principles of sentencing and that the offender is not amenable to community control sanctions. State v. Jones (Nov. 4, 1999), 10th Dist. No. 99AP-72, 1999 Ohio App. LEXIS 5153, at *4-*7.
 {¶ 17} In this case, the trial court made the required R.C.2929.13(B) findings that, in light of the seriousness and recidivism factors, prison is consistent with the purposes and principles of sentencing and that Caldwell is not amenable to community control sanctions. We hold that the record supports both these findings. Caldwell's first assignment of error is overruled.
 {¶ 18} In his second assignment of error, Caldwell maintains that the trial court erred in ordering him to serve his sentences for burglary, each count of abduction, and the attempted grand theft convictions consecutively.
 {¶ 19} "A court may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors. R.C. 2929.14(E)(4). First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Third, the court must find
the existence of one of the enumerated circumstances in R.C.2929.14(E)(4)(a) through (c)." State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 13 (emphasis sic) (footnote omitted). R.C.2929.14(E)(4) provides as follows:
 {¶ 20} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 21} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 22} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 23} When imposing consecutive sentences for multiple offenses under R.C. 2929.14, the trial court is also required to "make a finding that gives * * * its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). "Pursuant to R.C. 2929.14(E)(4) and2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Comer,2003-Ohio-4165, paragraph one of the syllabus.[2]
 {¶ 24} Caldwell does not dispute that the trial court made the findings required by R.C. 2929.14(E)(4). Instead, Caldwell argues that the record does not support the court's findings. First, Caldwell maintains that consecutive sentences are not necessary to protect the public and to punish him. Caldwell argues that much of his criminal history is a result of his alcohol abuse and mental illness. Caldwell relies on the evaluation of the court psychologist that Caldwell "is in need of long-term psychiatric treatment" and would be amenable to treatment for "substance abuse" and "individual therapy." Since the underlying causes of Caldwell's criminal behavior are treatable, Caldwell concludes, the public may be protected without the imposition of consecutive sentences.
 {¶ 25} We disagree. R.C. 2929.12(D) sets forth five factors indicating that an offender is likely to commit future crimes. The first is whether, at the time of the offense for which the offender is being sentenced, the offender was under "post-release control * * * for an earlier offense." R.C. 2929.12(D)(1). The second is whether "the offender has a history of criminal convictions." R.C. 2929.12(D)(2). The third is whether "the offender has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 2929.12(D)(3). The fourth is whether the "offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse." R.C. 2929.12(D)(4). The fifth factor is whether "[t]he offender shows no genuine remorse for the offense." R.C. 2929.12(D)(5). "There is no requirement that more than one of the five factors be present in order for the trial court to determine that the offender poses the greatest likelihood of committing future crimes." State v. Chike, 11th Dist. No. 2001-L-120, 2002-Ohio-6912, at ¶ 10.
 {¶ 26} In sentencing Caldwell, the trial court relied heavily on Caldwell's considerable history of criminal conduct in concluding that he has "the greatest likelihood to commit future crimes" and that prolonged incarceration was necessary to protect the public. The court specifically cited to Caldwell's prior convictions for the following offenses: petty theft; grand theft of a motor vehicle; vandalism; disorderly conduct; aggravated menacing; intoxication; resisting arrest; underage possession of alcohol; furnishing false information to a police officer; assault on a police officer; and failure to comply with the order or signal of police officers.
 {¶ 27} Although Caldwell was not on probation at the time he committed these offenses, the trial court noted that Caldwell has "not responded favorably to previously imposed sanctions" which have included "a lot of probation."
 {¶ 28} The trial court also cited to a psychologist's report that, "to a reasonable psychological certainty," Caldwell is "at moderate to high risk of future violence." The court recognized that "there are some indications of substance abuse," but that Caldwell either denies that there is a problem or has refused treatment. In fact, Caldwell claims he was not intoxicated when he committed the offenses. The court also noted that Caldwell's mental illness was a factor "mitigating the seriousness of the offense" but also a factor "indicating recidivism is more likely." Finally, the court concluded that Caldwell felt no genuine remorse for his offenses. Caldwell testified that he believed that his mental illness "contributed" to his "horrible behavior" but otherwise denied responsibility for his conduct. In light of the trial court's stated reasons, we find that there is clear and convincing evidence to support the finding that consecutive sentences are necessary to protect the public.
 {¶ 29} We note that while some of these offenses are alcohol related, the majority of them have no obvious connection to Caldwell's alcoholism or mental illness. Nor was there any testimony that Caldwell's culpability for the crimes for which he was being sentenced was mitigated by the use of alcohol. In any event, we are aware of no case or rule of law that stands for the proposition that an offender's alcohol or drug abuse mitigates against the imposition of consecutive sentences. On the contrary, in cases where an offender's alcohol or drug abuse is considered, the courts find that substance abuse is a factor that justifies the imposition of consecutive sentences. See, e.g., State v.Lewis, 11th Dist. No. 2001-L-060, 2002-Ohio-3373, at ¶¶ 27-37; Statev. King, 11th Dist. Nos. 2000-L-143 and 2000-L-144, 2001-Ohio-8758, 2001 Ohio App. LEXIS 5431, at *7.
 {¶ 30} We agree that Caldwell's history of substance abuse justifies, rather than prohibits, the imposition of consecutive sentences. Caldwell's considerable history of prior offenses is also a history of failed opportunities to avail himself of the treatment he now seeks in lieu of the consecutive sentences imposed by the trial court.[3]
The seriousness of Caldwell's present crimes forecloses the possibility of treatment as an option in this case. The court's responsibility to protect the public and incapacitate the offender here overrides any claim Caldwell may have on the court's leniency by having his sentences run concurrently. R.C. 2929.11(A).
 {¶ 31} Caldwell's second argument under this assignment of error is that the record does not support the court's finding that no single term of prison reflects the seriousness of his conduct. Caldwell notes that none of the victims in the two abductions suffered any physical harm in the commission of the offense, that the abductions were brief, and that the burglary victim described the break-in as "no big deal."
 {¶ 32} Again, we disagree. As to the seriousness of Caldwell's conduct, the trial court cogently observed "these offenses to be a spree whereby there were multiple victims in multiple jurisdictions in separate and unrelated offenses. There was a completely separate animus as to all of these offenses, which in my mind justifies consecutive sentences."
 {¶ 33} The court also found the seriousness of Caldwell's offenses "was exacerbated by the age of the victim, in regard to Ms. Wienman.[4]
I find that the victims suffered serious psychological or economic harm with regard to all of the victims, including those of the car theft and the burglary." These two findings are consistent with the factors listed in R.C. 2929.12(B) as "indicating that the offender's conduct is more serious than conduct normally constituting the offense." Although we question whether the court was justified in finding that the victims of the burglary and the attempted grand thefts suffered "serious physical, psychological, or economic harm," the elderly abduction victim unquestionably did so.
 {¶ 34} Having reviewed the evidence before the trial court at the sentencing hearing, we conclude that the court's finding that no single prison term properly reflects the seriousness of Caldwell's conduct to be supported by clear and convincing evidence. Caldwell's second assignment of error is overruled.
 {¶ 35} In Caldwell's third assignment of error, Caldwell argues that the court erred by not imposing the minimum sentence upon him as required by R.C. 2929.14(B). The minimum sentence for burglary, a second degree felony, is two years. The minimum sentence for abduction, a third degree felony, is one year. The trial court sentenced Caldwell to three years for the burglary count and to four and five years for each of the abduction counts. Caldwell maintains that the court should have imposed the minimum sentences for these offenses because his conduct was not so serious as to be demeaned by the minimum sentence and because his conduct is largely caused by his mental illness.
 {¶ 36} In order for the trial court to impose a sentence beyond the statutory minimum for that offense, where the offender has not previously served a prison term, the court must find on the record that the shortest authorized prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B). "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." State v. Edmonson,86 Ohio St.3d 324, 1999-Ohio-110, at syllabus (emphasis sic). Rather, "the trial court merely has to state * * * that one or both of the findings set forth in R.C. 2929.14(B) justify a longer sentence than the minimum." State v. Bell, 11th Dist. No. 2001-A-0032, 2002-Ohio-2948, at ¶ 8, citing Edmonson, 86 Ohio St.3d 324. When imposing a sentence beyond the statutory minimum pursuant to R.C. 2929.14(B), the "trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Comer, 2003-Ohio-4165, at paragraph two of the syllabus.
 {¶ 37} In this case, the trial court made the statutorily sanctioned findings for imposing longer sentences on Caldwell at the sentencing hearing as follows: "The Court also finds that, pursuant to Section 2929.14(B), that the shortest prison term will demean the seriousness of the Defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the Defendant or others." Under the Ohio Supreme Court's decisions in Edmonson and Comer,
the trial court has fulfilled the requirements of R.C. 2929.14(B) necessary to depart from the statutorily mandated minimum prison terms for felonies of the second and third degree. We have previously discussed the substance of Caldwell's arguments that the record does not support the court's findings regarding the necessity of protecting the public from future crime by Caldwell and regarding the seriousness of Caldwell's conduct. Caldwell's third assignment of error is overruled.
 {¶ 38} Under the fourth assignment of error, Caldwell argues that the trial court erred by imposing the maximum prison term of five years upon him for a third degree felony.
 {¶ 39} Pursuant to R.C. 2929.14(C), a "court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *." The Supreme Court has held that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Edmonson, 86 Ohio St.3d at 329. In the present case, the trial court found on the record that Caldwell committed one of the worst forms of the offense and that he posed the greatest likelihood of committing future offenses. "However, these findings alone are insufficient for the imposition of a maximum sentence. When imposing a maximum sentence, the trial court must also comply with R.C.2929.19(B)(2)(d), which requires the trial court to give its reasons for imposing the maximum prison term." Chike, 2002-Ohio-6912, at ¶ 8.
 {¶ 40} Again, Caldwell challenges the record underlying the trial court's findings. As before, Caldwell points out the trial court's erroneous finding that Caldwell was on probation at the time he committed the present offenses.
 {¶ 41} We have already reviewed the trial court's findings that Caldwell poses the greatest likelihood of committing future offenses in light of the recidivism factors enumerated in R.C. 2929.12(D). In particular, we found the court's findings that Caldwell has a history of criminal convictions, that Caldwell has not responded favorably to previously imposed sanctions, and that Caldwell shows no genuine remorse to be supported by the record before the court. R.C. 2929.12(D)(2), (3), and (5). We hold that these findings are sufficient to comply with the mandate of R.C. 2929.14(C) for imposing the maximum sentence with regard to the factors outlined in R.C. 2929.12(D).
 {¶ 42} Caldwell also maintains that the circumstances of his abduction of the elderly woman do not constitute the worse form of the offense of abduction.[5] In the present case, the trial court stated that it considered "the totality of the circumstances" in finding that Caldwell had committed one of the worst forms of the offense. The court gave its reasons for this finding by citing to the victim's age and the fact that if Caldwell's conduct had been "any more egregious" it "would have constituted another crime, specifically felonious assault, or attempted murder, or kidnapping." Caldwell notes that he abandoned the abduction after a very brief time. In light of the trial court's stated reasons in support of the maximum sentence, we do not find the length of the victim's abduction to be a significant enough factor to invalidate the court's sentence. Caldwell's fourth assignment of error is overruled.
 {¶ 43} For the foregoing reasons, the decision of the Lake County Court of Common Pleas, sentencing Caldwell to twelve and one-half years of imprisonment, is affirmed.
Judgment affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.
[1] We reject the prosecution's argument that the R.C. 2929.13(B)(1)(g) factor applied since Caldwell was already serving a prison sentence in Cuyahoga County at the time he was sentenced for his felony convictions in Lake County. R.C. 2929.13(B)(1)(g) only applies if the offender "was serving" or "previously had served" a prison term "at the time of the offense." Caldwell committed the attempted grand theft offenses in October 2001, long before being sentenced to prison in Cuyahoga County on June 28, 2002.
[2] Prior to Comer, this court had previously held that these findings and reasons could be made either at the sentencing hearing or in the journal entry. See, e.g., State v. Koch, 11th Dist. No. 97-L-142, 2001-Ohio-8830, 2001 Ohio App. LEXIS 5855.
[3] For many of these prior offenses, Caldwell was entitled to move the court for intervention in lieu of conviction under R.C. 2953.041.
[4] Ms. Wienman was age 66 at the time of the offense and suffered a heart attack about an hour after the offense.
[5] Since we hold that the trial court properly found that Caldwell poses the greatest likelihood of committing future crimes, we need not consider the sufficiency of the court's finding that this was the worst form of the offense. State v. Chike, 11th Dist. No. 2001-L-120, 2002-Ohio-6912, at ¶ 14. R.C. 2929.14(C) only requires the sentencing find that an offender fall into one of the categories described therein in order to impose the longest prison term authorized for a felony offense.