OPINION
{¶ 1} Appellant, Michael Scranton, appeals the judgment entry of the Portage County Court of Common Pleas sentencing him to eleven months imprisonment to run consecutively with a separate prison term he was serving in Cuyahoga County.
 {¶ 2} On September 11, 2001, the Portage County Grand Jury indicted appellant on grand theft, a felony of the fourth degree, in violation of R.C. 2913.02(A)(3)(B). During the general investigation, appellant relocated to Florida. With the assistance of the victim of the theft, authorities located appellant and served the indictment. On October 24, 2002, appellant pleaded guilty to a lesser charge of theft, a felony of the fifth degree, in violation of R.C. 2913.02. The trial court accepted appellant's plea and referred the matter to the adult probation department for a presentence investigation (PSI).
 {¶ 3} At the sentencing hearing, the court heard from the victim as well as appellant; following the hearing, the trial court sentenced appellant to eleven months imprisonment to run consecutive to a prison term he was then serving for a Cuyahoga County conviction. The current appeal precipitates from the court's sentencing order.
 {¶ 4} Appellant assigns one error for our review:
 {¶ 5} "The appellant's eleven month consecutive sentence for a felony five theft is contrary to law and not in conformance with Ohio's sentencing statutes."
 {¶ 6} An appellate court reviews a felony sentence de novo. See, Statev. Caldwell, 11th Dist. No. 2002-L-142, 2003-Ohio-6964, at ¶ 9. We will not disturb a sentence absent clear and convincing evidence that the record fails to support the trial court's findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a) and (b). Evidence is "clear and convincing" if, in the mind of the factfinder, it produces a firm belief or conviction as to the facts sought to be established.Caldwell, supra.
 {¶ 7} Appellant first challenges the length of the sentence imposed by the trial court. Specifically, appellant argues the trial court erred when it imposed "almost the maximum sentence." In support, appellant notes that he never intended to harm the victims of the theft offense to which he pleaded guilty. As evidence of his contention, appellant cites the conciliatory tone with which he addressed the court and the victim(s) during the sentencing hearing. We agree appellant's statements suggest remorse; however, we nevertheless conclude the court did not err in rendering a sentence greater than the minimum.
 {¶ 8} R.C. 2929.14(B) provides:
 {¶ 9} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of thefollowing applies:
 {¶ 10} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 11} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 12} R.C. 2929.14(B) does not require the trial court to give its justification for finding the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Comer, 99 Ohio St.3d 463, 469,2003-Ohio-4165, ¶ 26, citing State v. Edmonson, 86 Ohio St.3d 324, syllabus, 1999-Ohio-110. However, when imposing a sentence beyond the statutory minimum, the court must make its 2929.14(B) findings at the sentencing hearing. Comer, supra, paragraph two of the syllabus.
 {¶ 13} While appellant concedes and his PSI report indicates he has been previously incarcerated, the court failed to make this finding at the sentencing hearing; in this respect, the trial court failed to comport with R.C. 2929.14(B)(1) as construed by Comer and Edmonson. .
 {¶ 14} However, before pronouncing its sentencing order, the court made the following finding:
 {¶ 15} "Again, I would find that based on the types of offenses that have been perpetrated by this offender in Pennsylvania and Ohio, the Court would find that it would demean the seriousness of the offense and not adequately protect the public to impose the minimum sentence."
 {¶ 16} The above finding was made during the sentencing hearing and virtually parrots the statutorily required findings set forth in R.C.2929.14(B)(2). Accordingly, the court did not err in sentencing appellant to imprisonment for a period greater than the statutory minimum. Appellant's initial argument lacks merit.
 {¶ 17} Next, appellant contends the trial court erred when it ordered his sentence to run consecutive with the Cuyahoga prison term he was serving at the time of his sentencing in the current matter.
 {¶ 18} A court may impose consecutive sentences for multiple offenses if it "finds" three statutory factors. R.C. 2929.14(E)(4). Initially, the court must determine that consecutive sentences are necessary to protect the public from future harm or to punish the offender. Id. Next, the court must determine that consecutive sentences are not out of proportion with the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the court must determine that one of three circumstances set forth in R.C. 2929.14(E)(4)(a) through (c) applies to the offender's case.[1]
 {¶ 19} R.C. 2929.19 further demands that the court make a finding disclosing its reasons for selecting the sentence imposed under R.C.2929.14. Comer, supra, at ¶ 20; see, also, R.C. 2929.19(B)(2) and (B)(2)(c). This statutory interplay between R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c) requires a court to make its findings and offer its supportive reasons at the sentencing hearing. Comer, supra, at ¶ 21.
 {¶ 20} Here, the Portage County trial court ordered appellant's sentence to attach to the prison term appellant was serving in Cuyahoga County at the time of the sentencing hearing.[2] In relation to its order of consecutive sentences, the trial court stated:
 {¶ 21} "I would find that based on the types of offenses that have been perpetrated by this offender in Pennsylvania and Ohio, the court would find that it would demean the seriousness of the offense and not adequately protect the public to impose the minimum sentence.
 {¶ 22} "The court further finds that because of the continuing nature of these offenses both in Ohio and Pennsylvania, that that aspect of his criminal history shows that consecutive terms are necessary to protect the public."
 {¶ 23} The foregoing pronouncement suggests the court "found" that the consecutive sentences are necessary to protect the public from future crime; further, we recognize that the court did not specifically recite the statutory language, the record indicates the court considered a general proportionality during the hearing. In effect, the record demonstrates the trial court properly determined that consecutive sentences are not out of proportion with the seriousness of appellant's conduct and to the danger appellant poses to the public. Finally, the record shows the court "found" appellant's history of criminal activity to merit consecutive sentences. R.C. 2929.14(E)(4)(c). In our view, this demonstrates the court complied with the requirements of R.C.2929.14(E)(4).
 {¶ 24} Moreover, the court justified its imposition of consecutive sentence by underscoring the continuing nature of the offenses committed in both Ohio and Pennsylvania. In doing so, we believe the sentencing court complied with the requirements of Comer and R.C. 2929.19(B)(2)(c).
 {¶ 25} For the reasons set forth supra, appellant's sole assignment of error lacks merit and the sentence of the Portage County Court of Common Pleas is affirmed.
Ford, P.J., Grendell. J., concur.
[1] The court must find one of the following to properly complete its R.C. 2929.14(E)(4) sentencing exercise:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to * * * [R.C.] 2929.16, 2929.17, or 2929.18 * * *, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
[2] R.C. 2929.41(A) provides generally that a sentence of imprisonment shall be served concurrently with any other sentence imposed by another court of Ohio, another state, or the United States. However, R.C.2929.41(B) permits the court to specify that a sentence of imprisonment shall be served consecutively to any other sentence of imprisonment. See, State v. White (1985), 18 Ohio St.3d 340, 342.