OPINION
{¶ 1} This matter is submitted to this court on the record and the briefs of the parties. Appellant, Jason W. Caldwell, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied Caldwell's motion to modify the amount of jail-time credit he received.
 {¶ 2} Caldwell pled guilty to one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(2); two counts of abduction, third-degree felonies in violation of R.C. 2905.02; and three counts of attempted grand theft of a motor vehicle, fifth-degree felonies in violation of R.C. 2913.02 and 2923.02. In August 2002, the trial court sentenced Caldwell to a total prison term of twelve and one-half years. In its judgment entry of sentence, the trial court credited Caldwell with eight days of jail time served.
 {¶ 3} Caldwell appealed the trial court's judgment entry of sentence to this court. This court affirmed Caldwell's convictions and sentence.[1]
 {¶ 4} In April 2003, Caldwell filed a "motion to correct jail time credit" with the trial court. In this motion, Caldwell argued he should have been credited with one hundred twenty-six days of jail time, rather than eight days. On May 1, 2003, the trial court denied Caldwell's motion.
 {¶ 5} On September 7, 2004, Caldwell filed a "motion for jail-time credit pursuant to [R.C.] 2967.191." In his motion, Caldwell acknowledged that he was not entitled to the one hundred twenty-six days of jail-time credit he previously sought. However, he asserted that he is entitled to nine additional days of jail-time credit, aside from the eight days awarded by the trial court. On September 28, 2004, the trial court denied Caldwell's motion.
 {¶ 6} Caldwell has timely appealed the trial court's September 28, 2004 judgment entry. On appeal, Caldwell raises the following assignment of error:
 {¶ 7} "The trial court erred in overruling appellant's motion for jail-time credit in violation of his rights under the Fifth and Fourteenth
Amendments of the United States Constitution; Article I, Section 2 of the Ohio Constitution, and [R.C. 2967.191]."
 {¶ 8} Caldwell's claim is barred by the doctrine of res judicata. The Supreme Court of Ohio has held:
 {¶ 9} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment."[2]
 {¶ 10} Caldwell appealed the judgment entry of sentence.[3] On his direct appeal, he did not raise any issue regarding the calculation of his jail-time credit.[4] However, the trial court's judgment entry of sentence clearly provides that he was credited with eight days of jail time. Therefore, this was an issue that could have been raised in his direct appeal. In addition, in May 2003, the trial court denied a nearly identical motion for recalculation of jail time. Caldwell did not appeal the trial court's May 1, 2003 judgment entry. Therefore, this issue has been previously litigated in a prior proceeding, which is final due to Caldwell's failure to appeal it.
 {¶ 11} Due to these prior instances, Caldwell's current assigned error is barred by the doctrine of res judicata.
 {¶ 12} Caldwell's assignment of error is without merit.
 {¶ 13} The judgment of the trial court is affirmed.
Ford, J., O'Toole, J., concur.
[1] State v. Caldwell, 11th Dist. No. 2002-L-142, 2003-Ohio-6964.
[2] State v. Szefcyk (1996), 77 Ohio St.3d 93, syllabus, followingState v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
[3] State v. Caldwell, 2003-Ohio-6964.
[4] Id.