OPINION
{¶ 1} Defendant-appellant, Christopher C. Cody, appeals from the judgment entry of the Lake County Court of Common Pleas, sentencing him to a total of five years in the Lorain Correctional Institution. Due to the Ohio Supreme Court's recent decision in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, we reverse the sentence imposed by the court below and remand this matter for resentencing.
 {¶ 2} The charges in this case arise from a series of theft offenses committed between August 2003 and January 2004. During this time, Cody stole cars, all-terrain vehicles, and motorcycles. The thefts were from different people who appear to have been chosen at random and there was some evidence that Cody committed these thefts to support his drug addictions. On August 3, 2004, the Lake County Grand Jury handed down an 18 count indictment. Cody waived his right to be present at his arraignment.
 {¶ 3} On March 4, 2005, Cody withdrew his prior plea of not guilty and pled guilty to five counts of Grand Theft of a Motor Vehicle, felonies of the fourth degree, in violation of R.C.2913.02(A)(1) and (B)(5); four counts of Theft, felonies of the fifth degree, in violation of R.C. 2913.02; and one count of Breaking and Entering, a felony of the fifth degree, in violation of R.C. 2911.13. On March 9, 2005, the court accepted Cody's plea and nolled the remaining eight counts against him.
 {¶ 4} The matter proceeded to sentencing on June 13, 2005. The trial court sentenced Cody to six months in prison on each count, to be served consecutively, for a total prison term of five years, with credit for 58 days for time served and ordered Cody to pay restitution to his victims in the total amount of $5,320 for the respective victims' economic loss.
 {¶ 5} Cody timely appealed, assigning the following as error:
 {¶ 6} "[1.] The trial court ruled contrary to law when it ordered consecutive sentences under R.C. 2929.14(E)(4)
 {¶ 7} "[2.] The trial court erred when it imposed a more-than-the-minimum, consecutive sentence based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 8} Since Cody's assignments of error are related, they will be discussed together. In his first assignment of error, Cody argues that the trial court's imposition of consecutive sentences based upon the required findings of R.C. 2929.14(E)(4) is contrary to law. In his second assignment of error, Cody argues that the trial court's imposition of consecutive sentences violated his constitutional rights to trial by jury. Cody additionally argues that findings the court made to impose a greater than minimum sentence under R.C. 2929.14(B) likewise violate his constitutional rights.
 {¶ 9} Recently, the Supreme Court of Ohio, in State v.Foster, declared that judicial fact-finding under R.C.2929.14(B) "violates Blakely principles" and is, therefore, unconstutional. 2006-Ohio-856, at ¶ 61.
 {¶ 10} In the case sub judice, the court made a finding pursuant to R.C. 2929.14(B), when it imposed sentence. However, any error related to this finding is harmless, since the record reveals that the court imposed the minimum prison term of six months for each crime.[1] See R.C. 2929.14(A)(4) and (A)(5). (For a felony of the fourth degree, the allowable prison term ranges from six to eighteen months. For a felony of the fifth degree, the allowable prison term ranges from six to twelve months).
 {¶ 11} The sole remaining issue in this appeal is whether the court's imposition of consecutive sentences based upon the required findings of R.C. 2929.14(E)(4) violates Cody's Sixth Amendment right to jury trial pursuant to the United States Supreme Court's holding in Blakely v. Washington (2004),542 U.S. 296, and its progeny.
 {¶ 12} In addition to declaring that judicial fact-finding under R.C. 2929.14(B) was unconstitutional, Foster likewise held that sentences premised upon findings required by R.C.2929.14(E)(4) were also unconstitutional. Foster,2006-Ohio-856, at ¶ 97. As a result, we hold that Cody's sentence is void and must be remanded to the trial court for a new sentencing hearing. Id. at ¶ 103, citing State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23.
 {¶ 13} Upon remand, the trial court "shall consider those portions of the sentencing code that are unaffected" by the holding of Foster and may now "impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105 (citation omitted).
 {¶ 14} Based on Foster, Cody's first and second assignments of error have merit. Accordingly, we reverse the Lake County Court of Common Pleas' judgment entry of sentence and remand for resentencing consistent with this opinion.
Ford, P.J., concurs, O'Neill, J., concurs in judgment only.
[1] In his argument, Cody fails to clearly indicate what he means by "more-than-the-minimum" sentence for the purposes of this appeal. As stated earlier, the implication appears to be that Cody is arguing he was sentenced to a greater than minimumprison term, and that is how we address the issue. We note, however, that there is no statutory presumption for or against community control sanctions rather than prison sentences for individuals convicted of fourth and fifth degree felonies. Statev. Caldwell, 11th Dist. No. 2002-L-142, 2003-Ohio-6964, at ¶ 11. "Although the Sentencing Commission recommended a straight presumption against imprisonment for fourth or fifth degree felonies * * * the General Assembly was unwilling to accept a straight presumption. Rather, 2929.13(B) gives general guidance and a `disposition against imprisonment' for fourth and fifth degree felonies." Id. (citations omitted).
Following this logic, an argument can be made that another meaning of "minimum sentence" within the context of a fourth or fifth degree felony conviction could be the imposition of community control sanctions. Here, the trial court imposed the minimum prison term of six months, rather than community control sanctions based upon a consideration of the factors in R.C.2929.13(B). The Supreme Court of Ohio in Foster, concluded that the "findings" under R.C. 2929.13(B) do not offend the principles of Blakely and its progeny, since the statute does notrequire "the sentencing court to make additional findings of fact before increasing a penalty at the fourth or fifth degree felony level." 2006-Ohio-856, at ¶¶ 69-70. Thus, the trial court's imposition of the minimum sentence of six months in lieu of community control does not violate the dictates of Blakely.