OPINION
{¶ 1} Appellant, William M. Ziefle, appeals the judgment entered by the Ashtabula County Court of Common Pleas. Ziefle received a total prison term of twelve years for his convictions for twelve counts of pandering sexually oriented matter involving a minor and nine counts of pandering obscenity involving a minor.
 {¶ 2} As a result of several complaints, Ziefle's laptop computer was seized. On the computer, the authorities found twenty-one images of child pornography.
 {¶ 3} Ziefle was charged by information with twelve counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1), second-degree felonies, and nine counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1), also second-degree felonies. Ziefle pled guilty to these offenses, pursuant to North Carolinav. Alford.[1]
 {¶ 4} A sentencing and sexual predator hearing was held. At the hearing, a presentence investigation report, twenty-one photographs of child pornography taken from Ziefle's computer, and a sexual predator evaluation report were admitted into evidence.
 {¶ 5} The trial court sentenced Ziefle to six-year prison sentences on each of the twelve convictions for pandering sexually oriented matter involving a minor. These sentences were ordered to be served concurrently. The trial court sentenced Ziefle to six-year prison sentences on each of the nine counts of pandering obscenity involving a minor, also ordering these sentences to be served concurrently with each other. However, the trial court ordered the net six-year sentences for the convictions for pandering sexually oriented matter involving a minor to be served consecutively to the net six-year sentences for the convictions for pandering obscenity involving a minor. As a result, Ziefle received a total prison term of twelve years. In addition, Ziefle was adjudicated a sexual predator.
 {¶ 6} Ziefle raises the following assignment of error:
 {¶ 7} "The trial court erred when sentencing appellant to consecutive sentences."
 {¶ 8} Ziefle argues that the trial court failed to make appropriate findings to impose consecutive sentences. At the time of sentencing, the trial court was required to make certain findings before issuing consecutive sentences, including those set forth in R.C. 2929.14(E)(4). However, these judicial findings are inconsistent with the United States Supreme Court's opinion in Blakely v. Washington.[2]
 {¶ 9} In State v. Foster, the Supreme Court of Ohio held that "[b]ecause R.C. 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they are unconstitutional."[3]
 {¶ 10} To remedy the sentencing statutes, the Supreme Court of Ohio severed the unconstitutional portions requiring judicial factfinding.[4]
 {¶ 11} The trial court's consecutive sentences were arrived at via judicial factfinding. Thus, pursuant to State v. Foster,
the sentences are unconstitutional.[5]
 {¶ 12} We note that Ziefle is not challenging the length of his sentences on appeal. He is only challenging the trial court's imposition of the sentences in a consecutive nature. Thus, pursuant to State v. Saxon, we will not disturb the length of the individual sentences imposed by the trial court.[6] The judgment of the trial court is vacated and reversed, and the matter is remanded for resentencing, pursuant to State v.Foster.[7] On remand, the only issue for the trial court is whether the sentences should be served consecutively.
Rice, J., O'Toole, J., concur.
[1] North Carolina v. Alford (1970), 400 U.S. 25.
[2] Blakely v. Washington (2004), 542 U.S. 296. See, also,State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856.
[3] State v. Foster, at paragraph three of the syllabus, following Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington, supra.
[4] Id., at paragraph four of the syllabus, following UnitedStates v. Booker (2005), 543 U.S. 220.
[5] State v. Foster, paragraph three of the syllabus.
[6] State v. Saxon, ___ Ohio St.3d ___, 2006-Ohio-1245, paragraph three of the syllabus.
[7] State v. Foster, at ¶ 104.