OPINION
{¶ 1} In this appeal, submitted on the record and briefs of the parties, appellant, Christopher C. Cody, appeals his judgment entry of sentence, issued by the Lake County Court of Common Pleas. We affirm the decision of the lower court.
 {¶ 2} On March 4, 2005, Cody pled guilty to five counts of Grand Theft of a Motor Vehicle, felonies of the fourth degree, in violation of R.C.2913.02(A)(1) and *Page 2 
(B)(5); four counts of Theft, felonies of the fifth degree, in violation of R.C. 2913.02(A)(1); and one count of Breaking and Entering, a felony of the fifth degree, in violation of R.C. 2911.13(B). On June 13, 2005, Cody was sentenced to serve six months in prison on each count, to be served consecutively, for a total prison term of five years, with credit for 58 days for time served. Cody was also ordered to pay restitution to his victims in the total amount of $5,320 for the respective victims' economic loss.
 {¶ 3} This court reversed the aforementioned sentence and remanded the matter to the lower court for resentencing, pursuant to State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v. Cody, 11th Dist. No. 2005-L-076, 2006-Ohio-2015, at ¶ 14.
 {¶ 4} On August 6, 2006, pursuant to this court's order, the trial court again sentenced Cody to six months on each count, for a total sentence of five years, with 58 days credit for time served and ordered restitution in the amount previously imposed.
 {¶ 5} Cody timely appealed, assigning the following as error:
 {¶ 6} "[1.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions.
 {¶ 7} "[2.] The trial court erred when it sentenced the defendant-appellant to consecutive prisons term in violation of defendant-appellant's right to due process.
 {¶ 8} "[3.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms based on the Ohio Supreme Court's severance of the offending provisions underFoster, which was an act in violation of the principle of separation of powers. *Page 3 
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms contrary to the rule of lenity.
 {¶ 10} "[5.] The trial court erred when it sentenced the defendant-appellant to consecutive prison terms contrary to the intent of the Ohio Legislators."
 {¶ 11} For discussion purposes, we will consolidate Cody's assignments of error. These assignments of error all challenge the retroactive application of Foster to Cody's sentencing hearing.
 {¶ 12} Prior to the Ohio Supreme Court's decision in Foster, appellate courts reviewed felony sentences de novo, not disturbing the trial court's sentencing determination absent a finding, by clear and convincing evidence, that the record did not support the term at issue. See 2953.08(G)(2). Pursuant to Foster, a trial court is vested with full discretion to impose a sentence within the statutory range.2006-Ohio-856, at paragraph seven of the syllabus. Therefore, post-Foster, we apply an abuse of discretion standard in reviewing a sentence within the statutory range. Id. at ¶ 99; State v. Slone, 2nd Dist. Nos. 2005 CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7; State v.Schweitzer, 3rd Dist. No. 2-06-25, 2006-Ohio-6087, at ¶ 19; State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶¶ 37-40;State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶¶ 11-12. An abuse of discretion is more than an error of judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court is not free to substitute its own judgment for that of the trial court. Ports v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621,1993-Ohio-122. *Page 4 
 {¶ 13} The arguments raised by appellant in his assignments of error are identical to those arguments raised and rejected in numerous prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011, at ¶ 30; State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073, at ¶ 15; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062, at ¶ 15; State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783, at ¶¶ 13-35.
 {¶ 14} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 15} Cody's first, second, third, fourth and fifth assignments of error are without merit.
 {¶ 16} We affirm the judgment of the Lake County Court of Common Pleas.
 WILLIAM M. O'NEILL, J., MARY JANE TRAPP, J., concur.F *Page 1