OPINION
{¶ 1} Thomas J. Salvano appeals from the judgments of the Lake County Court of Common Pleas, denying his motions for jail time credit in this consolidated matter. We affirm.
 {¶ 2} October 10, 2003, Mr. Salvano entered the Lake County jail on a complaint for robbery, for an incident occurring the previous day. He was released on bond October 27, 2003. January 14, 2004, the Lake County Grand Jury indicted him in *Page 2 
two separate cases. In Case No. 03-CR-000625, he was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2), a second degree felony, for the October 9, 2003 incident. In case No. 03-CR-000682, he was indicted on two counts: count one, theft, in violation of R.C.2913.02(A)(1), a fifth degree felony; and, count two, complicity to theft, in violation of R.C. 2923.03(A)(2), also a fifth degree felony. Case No. 03-CR-000682 arose from incidents allegedly occurring in August 2003. Trial was set on the robbery charge for April 19, 2004; on the theft charges, for March 10, 2004.
 {¶ 3} Mr. Salvano had various criminal matters pending against him in the Cuyahoga County Court of Common Pleas. In March 2004, he moved for a competency evaluation in the trial court, since the Cuyahoga County court had found him incompetent, and sent him to Northcoast Behavioral Clinic for restoration to competency. The trial court granted the motions. In April, he moved to withdraw his motions for competency evaluation in the trial court, as Cuyahoga County Common Pleas had declared his restoration to competency. These motions were granted.
 {¶ 4} June 16, 2004, Mr. Salvano failed to appear for a hearing in the trial court, which revoked his bond, and issued a warrant for his arrest. Mr. Salvano was arrested some time later by Cuyahoga County authorities, evidently on the charges pending against him in that county, and confined to the Cuyahoga County jail. From October 11, 2004, until November 5, 2004, he was incarcerated in the Lake County jail, when he was returned to Cuyahoga County. Meanwhile, Cuyahoga County Common Pleas had once again found Mr. Salvano incompetent; based on that finding, November 2, 2004, the trial court did the same. *Page 3 
 {¶ 5} January 4, 2005, Mr. Salvano was once again brought to the Lake County jail, where he remained until January 20, 2005, when he was returned to the Cuyahoga County jail. Meanwhile, the trial court found him to be competent, based on a report issued by Cuyahoga County's expert.
 {¶ 6} March 4, 2005, Mr. Salvano entered written pleas of "Guilty" on both the robbery charge, Case No. 03-CR-000625, and for theft, Case No. 03-CR-000682.[1] Hearing was held that day. By judgment entries filed March 7, 2005, the trial court sentenced Mr. Salvano to three years imprisonment on the robbery charge, less fifty-nine days jail time credit; and to six months for theft, with jail time credit of twenty-eight days. The terms were made concurrent.
 {¶ 7} September 28, 2005, Mr. Salvano moved the trial court for additional jail time credit in each case. He contended entitlement to two hundred fifty-eight days jail time credit, on the basis of time he spent in the Cuyahoga County jail, and in Northcoast Behavioral Clinic. October 18, 2005, the trial court filed judgment entries, denying Mr. Salvano's motions. September 29, 2006, Mr. Salvano again filed motions for additional jail time credit in each of his cases. By judgment entries filed October 19, 2006, the trial court again denied the motions. November 16, 2006, Mr. Salvano noticed this appeal, assigning a single error:
 {¶ 8} "The trial court erred to the prejudice of the defendant/appellant in denying his Motion for Jail-Time Credit for the time spent in confinement for any reason arising out of the offense for which the prisoner was convicted and sentenced, thus violating his rights under the Equal Protection Clause of the Ohio and United States Constitutions." *Page 4 
 {¶ 9} The doctrine of res judicata prevents re-litigation of issues which could have been raised by way of direct appeal from a final judgment of conviction. See, e.g., State v. Caldwell, 11th Dist. No. 2004-L-173, 2005-Ohio-6149, at ¶ 8-10. The amounts of jail time credit Mr. Salvano received in each of his cases were stated in the March 7, 2005 judgment entries issued by the trial court. Mr. Salvano was represented by two attornies when he entered his pleas. If he objected to the amounts of jail time credit given him by the trial court, he could, and should, have appealed from the March 7, 2005 judgment entries. Caldwell at ¶ 10. He did not. The issue cannot be re-opened, due to res judicata.
 {¶ 10} The judgments of the Lake County Court of Common Pleas are affirmed.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., concurs.
[1] The complicity to theft charge was nolled in Case No. 03-CR-000682. *Page 1