OPINION
{¶ 1} Appellant, William Ziefle, appeals the judgment of the Ashtabula County Court of Common Pleas, denying his post-sentence motion to withdraw his plea of guilty. For the reasons discussed herein, we affirm.
 {¶ 2} On October 22, 2003, appellant was charged, by way of information, with 12 counts of pandering sexually oriented material involving a minor, in violation of R.C. 2907.322(A)(1), and 9 counts of pandering obscenity involving a minor, in violation of R.C.2907.321(A)(1). All counts were felonies of the second degree. Appellant pleaded *Page 2 
guilty to all charges pursuant to North Carolina v. Alford (1970),400 U.S. 25. On November 10, 2003, the trial court accepted appellant's pleas of guilty pursuant to the doctrine announced in Alford. On March 25, 2004, the trial court conducted a sentencing hearing and sexual predator hearing. After the hearings, the trial court sentenced appellant to a six year term of imprisonment on each count of pandering sexually oriented matter involving a minor, to be served concurrently, and a six year term of imprisonment on each count of pandering obscenity involving a minor, to be served concurrently and consecutive to the sentence for the twelve counts of pandering sexually oriented matter involving a minor. Appellant was therefore ordered to serve an aggregate prison term of twelve years. The court additionally adjudicated appellant a sexual predator.
 {¶ 3} Appellant appealed his sentence and in State v. Ziefle, 11th Dist. No. 2004-A-0026, 2006-Ohio-2007, this court reversed and remanded the matter for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Prior to resentencing, on January 11, 2007, appellant filed a motion to withdraw his guilty plea based upon this court's decision in State v. Tooley, 11th Dist. No. 2004-P-0064, 2005-Ohio-6709. The court denied the motion from the bench and, after conducting a de novo resentencing hearing, resentenced appellant to the same terms of imprisonment originally imposed. Appellant now appeals.
 {¶ 4} Appellant's first assignment of error asserts:
 {¶ 5} "The trial court erred when it denied appellant's motion to withdraw his guilty plea."
 {¶ 6} Crim.R. 32.1 governs motions to withdraw guilty pleas and provides: *Page 3 
 {¶ 7} "A motion to withdraw a plea of guilty or no contest may be made only before sentencing is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 8} Here, appellant moved the court to withdraw the guilty pleas he entered prior to resentencing. Initially, the state asserts this motion is tantamount to a motion to withdraw filed after imposition ofsentence and therefore subject to a "manifest injustice" standard under Crim.R. 32.1. To the contrary, when an appellate court reverses and vacates a sentence, that the original sentence is rendered void the trial court must resentence the defendant "as if there had been no original sentence." State v. Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250, at ¶ 16.
 {¶ 9} Because the original sentence "ceased to be" upon this court's reversal, appellant's motion was submitted as if he had not been sentenced. Motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality. State v. Xie (1992),62 Ohio St.3d 521, paragraph one of the syllabus. Notwithstanding the liberal treatment afforded such motions, the right to withdraw a plea is not absolute. Id. In rendering a judgment, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. Id. After considering the basis of the motion, the trial court's decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. An abuse of discretion implies the trial court's determination was arbitrary, unreasonable, or unconscionable. State v.Adams (1980), 62 Ohio St.2d 151, 157. *Page 4 
 {¶ 10} Here, appellant contends this court's decision inTooley, supra, provided a reasonable and legitimate basis for the court to grant appellant's motion to withdraw. In Tooley, this court determined R.C. 2907.322, prohibiting any person from pandering sexual material involving a minor, was unconstitutionally overbroad as, under R.C. 2907.322(B)(3), a fact-finder could infer a person was a minor if he or she was merely represented or depicted as a minor, prohibiting protected virtual child pornography contrary to the First Amendment.Tooley, at ¶ 47-54. Because appellant pleaded guilty to 12 counts of pandering sexual material involving a minor pursuant to R.C. 2907.322, he concludes the trial court abused its discretion in overruling his motion to withdraw.
 {¶ 11} After the parties filed their briefs in the underlying matter, the Supreme Court of Ohio overruled this court's decision inTooley. In State v. Tooley, 114 Ohio St.3d 366, 2007-Ohio-3698, the Supreme Court held that although the "permissive inference" of R.C.2907.322(B)(3) allowed a fact-finder to infer a person is a minor if that person is represented or depicted as such, this does not render the statute unconstitutionally overboard. Id. at paragraph one of the syllabus. Rather, "the permissive inference under [the statute] * * * simply allows what the common law has always permitted; that is, it allows the state to prove its case with circumstantial evidence." Id. at ¶ 33. The Court continued:
 {¶ 12} "* * * R.C. 2907.322(B)(3) does not equate virtual child pornography, which is protected under the First Amendment, with actual child pornography, which is not protected. Courts of appeals other than the Eleventh District have determined that R.C. 2907.322 is different from the CPPA provisions because the Ohio statute has never been interpreted to prohibit child pornography that is created without the use of real *Page 5 
children. The permissive inference under R.C.2907.322(B)(3) is not an addition to the definition of `child pornography,' but is merely an evidentiary tool. * * *
 {¶ 13} "* * *
 {¶ 14} "* * * R.C. 2907.322(B)(3) merely permits, and does not require, a fact-finder to infer from circumstantial evidence the age of the person in the image. The state still must prove all elements beyond a reasonable doubt, including that a real child is depicted, to support a conviction for possession of child pornography under R.C. 2907.322." Id. at ¶ 33-35.
 {¶ 15} In light of the Supreme Court's holding in Tooley, the statute to which appellant pleaded guilty remains constitutional. The argument appellant used in support of his motion to withdraw was premised upon a holding which was overruled by the Court's Tooley. We therefore hold that appellant's motion failed to assert a reasonable and legitimate basis for withdrawal of his guilty pleas in question. The trial court did not abuse its discretion in overruling appellant's motion.
 {¶ 16} Appellant's first assignment of error is overruled.
 {¶ 17} Appellant's second assignment of error alleges:
 {¶ 18} "Appellant was afforded ineffective assistance of counsel."
 {¶ 19} Under his second assigned error, appellant contends his original trial counsel was ineffective for failing to challenge the constitutionality of R.C. 2907.322. Appellant concedes that his original plea occurred before this court released its decision inTooley; however, appellant asserts the issue should have been raised because Ashcroft v. The Free Speech Coalition (2002), 535 U.S. 234, the authority upon which this court's holding in Tooley was premised, had been released. *Page 6 
 {¶ 20} In order to assert a meritorious claim for ineffective assistance of counsel, a petitioner must satisfy the two-prong standard set forth in Strickland v. Washington (1984), 466 U.S. 668. In particular, a petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 698.
 {¶ 21} We first point out that appellant's argument addresses his original trial counsel's failure to challenge the constitutionality of R.C. 2907.322. Generally, the doctrine of res judicata precludes re-litigation of issues which could have been raised on direct appeal from a final judgment of conviction. See, e.g., State v. Caldwell, 11th Dist. No. 2004-L-173, 2005-Ohio-6149, at ¶ 8-10. As appellant concedes, the constitutionality of R.C. 2907.322 could have been raised on appellant's original appeal in State v. Ziefle, 11th Dist. No. 2004-A-0026, 2006-Ohio-2007. However, appellant's original trial counsel handled his direct appeal. Counsel cannot be expected to raise his or her ineffectiveness on appeal. State v. Fox (1998), 83 Ohio St.3d 514,516. Thus, we may properly address this issue.
 {¶ 22} As discussed under appellant's first assignment of error, the Supreme Court's recent decision in Tooley, supra, serves to undercut any assertion of prejudice appellant could assert from the purported deficiency in counsel's representation. Even assuming counsel was unreasonable in failing to challenge the statute's constitutionality, the Supreme Court has proclaimed R.C. 2907.322 constitutional. Because the result of the proceedings would not have been different had an objection been leveled, counsel cannot be deemed ineffective for failing to raise this issue. *Page 7 
 {¶ 23} Appellant's second assignment of error lacks merit.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1