OPINION
{¶ 1} Defendant-appellant, Sandra J. Anderson, appeals the judgment entry of the Lake County Court of Common Pleas, finding her guilty of one count of Driving While Under the Influence of Alcohol or Drugs, a fourth degree felony in violation of R.C.4511.19(A)(1)(a), with a repeat OVI offender specification pursuant to R.C. 2941.1413, and imposing sentence thereupon. For the following reasons, we affirm Anderson's conviction, reverse her sentence, and remand her case for resentencing.
 {¶ 2} On the morning of December 7, 2004, Anthony Morrell was driving his Honda Civic southbound on Plaza Boulevard in Mentor, Ohio. As Morrell was bringing his vehicle to a stop for a red light at the intersection of Plaza Boulevard and State Route 84, Anderson, driving a Dodge Caravan, hit Morrell's vehicle from behind. Morrell turned off the engine and exited the vehicle. Morrell observed Anderson stumble as she excited her vehicle and come toward him stumbling. Morrell asked if Anderson was alright and Anderson replied that she had a head cold. Morrell informed Anderson that he was calling the police and Anderson groaned.
 {¶ 3} Two City of Mentor workers, John Kotrlik and Charles Jennison, observed the stopped vehicles and stopped their own vehicle to assist. Kotrlik described Anderson as "staggering," "unstable," "impaired," and "not coherent." Jennison described her as "staggering" and "incoherent."
 {¶ 4} Mentor Patrolman Conrad Straube was the first police officer to respond to the accident. Straube observed Morrell and Anderson exiting their vehicles. Straube observed Anderson supporting herself with the side of her van and walking very slow with her face toward the ground. Speaking with Anderson, Straube noticed that her speech was slurred and her eyes were glassy and dilated. Straube testified that it was difficult to speak with Anderson because she could not focus and her head kept falling forward.
 {¶ 5} Anderson told Straube that she needed to leave because she had a doctor's appointment. Straube took the keys from Anderson's van and asked her if she had been drinking any alcoholic beverages. Anderson denied drinking anything alcoholic and did not smell of alcohol. Straube asked Anderson if she was taking any prescription medication and she replied that she had taken two Soma (clarisoprodol) tablets since midnight. Anderson told Straube that she was taking the Soma for bronchitis.
 {¶ 6} Straube concluded that Anderson was impaired. Straube attempted to conduct the horizontal gaze nystagmus (HGN) test and the one-leg-stand test but was unable to complete the tests because of Anderson's inability to stand unassisted and comprehend the instructions. Anderson refused to submit to a blood or urine screen. Straube placed Anderson under arrest and transported her to the Mentor City Jail.
 {¶ 7} At the jail, Anderson admitted to having three prescription medications, clarisoprodol, tramadol, and klonopin/clonazepam. Pill bottles for each of these medications were found in Anderson's purse. The prescription for clarisoprodol had been filled on December 4, 2004. The prescription was for a two-week supply, i.e. 42 pills to be taken three times a day. There were only 14 clarisoprodol pills left in the bottle, or enough to last until December 12, 2004. The prescription for tramadol was filled on December 2, 2004. The prescription was for a 30-day supply, i.e. 120 pills to be taken four times a day. There were only 37 tramadol pills left in the bottle, or enough to last until December 16, 2004. Anderson informed Straube that the remaining clarisoprodol and tramadol pills were at home. The prescription for clonazepam was filled on December 2, 2004. The prescription was for 120 pills and there were 100 pills remaining in the bottle. Straube testified that the correct number of clonazepam pills remained according to prescribed dosage.
 {¶ 8} Anderson was tried before a jury on one count of Driving While Under the Influence of Alcohol or Drugs on August 30, 2005. At trial, Doug Rohde, senior forensic toxicologist and chemist at the Lake Country Crime Lab, testified for the prosecution. Rohde testified that clarisoprodol and clonazepam are central nervous system depressants. Rohde testified that such drugs inhibit the central nervous system's ability to process information and/or stimuli. This condition results in decreased muscle control and a decreased ability to respond to multiple stimuli. The particular effects of central nervous system depressants include slurred speech, drowsiness, the inability to stand up, dizziness, and decreased reaction time. Rohde also testified that, when clarisoprodol and clonazapam are taken together, "there would be an additive effect, meaning almost as if you took a double dose of one or the other."
 {¶ 9} Anderson testified that tramadol is an analgesic that blocks pain without depressing the central nervous system.
 {¶ 10} Anderson testified that clarisoprodol, clonazepam, and tramadol are all prescription medications.
 {¶ 11} The jury returned a verdict of guilty. The trial court sentenced Anderson to one year of incarceration at the Ohio Reformatory for Women, Marysville, Ohio for the Driving While Under the Influence of Alcohol or Drugs charge. The trial court also imposed an additional two-year period of incarceration pursuant to R.C. 2929.13(G)(2) because Anderson has been convicted of or pled guilty to at least five OVI offenses in the previous 20 years. Additionally, the court ordered Anderson to pay a mandatory fine of $800.00, ordered Anderson to complete a mandatory drug and alcohol treatment program, suspended Anderson's license for five years, assessed Anderson's driving record six points, and ordered Anderson's vehicle to be forfeited. This appeal timely follows.
 {¶ 12} On appeal, Anderson raises the following assignments of error.
 {¶ 13} "[1.] The trial court committed plain error by instructing the jury that Soma, tramadol, and klonopin are drugs of abuse, resulting in the violation of appellant's right to due process, due process as guaranteed by the Fourteenth Amendment to the United States Constitution.
 {¶ 14} "[2.] The appellant received ineffective assistance of counsel in violation of her rights pursuant to theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 15} "[3.] The appellant's convictions are against the manifest weight of the evidence.
 {¶ 16} "[4.] The trial court's imposition of a sentence greater than the minimum term permitted by statute based upon findings not made by a jury nor admitted by appellant is contrary to law and violates appellant's right to a trial by jury and due process, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 17} In her first assignment of error, Anderson argues that the trial court erred by instructing the jury that clarisoprodol, tramadol, and klonopin/clonazepam are "drugs of abuse" in the absence of a stipulation or admission to that effect. Since the State bore the burden of proving that she was under the influence of a "drug of abuse," Anderson maintains that whether clarisoprodol, tramadol, and klonopin/clonazepam are "drugs of abuse" is a factual question for the jury to resolve.
 {¶ 18} In order to convict Anderson of Driving While Under the Influence of Alcohol or Drugs, the State was required to prove, beyond a reasonable doubt, that Anderson was "operat[ing] [a] vehicle" while "under the influence of * * * a drug of abuse." R.C. 4511.19(A)(1)(a). A "drug of abuse" is defined, in relevant part, as "any controlled substance" and/or "any dangerous drug." R.C. 3719.011(A). A "controlled substance is defined as "a drug, compound, mixture, preparation, or substance included in schedule I, II, III, IV, or V [of R.C. 3719.41]." R.C. 3719.01(C). A "dangerous drug," in turn, is defined as "any drug" which, under the Federal Food, Drug, and Cosmetic Act, is required to bear a label containing the legend "Caution: Federal law prohibits dispensing without prescription"; or "any drug" which, under R.C. Chapters 3715 or 3719, "may be dispensed only upon a prescription." R.C. 4729.01(F)(1)(a) and (b).
 {¶ 19} Anderson failed to raise any objection to the trial court's jury instruction as given. Accordingly, we review Anderson's argument under a plain error standard of review.State v. Underwood (1983), 3 Ohio St.3d 12, at syllabus; Statev. Long (1978), 53 Ohio St.2d 91, at paragraph one of the syllabus; Crim.R. 52(B). "Plain error exists only where it is clear that the verdict would have been otherwise but for the error." State v. Skatzes, 104 Ohio St.3d 195, 2004-Ohio-6391, at ¶ 52, citing Long, 53 Ohio St.2d 91, at paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long,53 Ohio St.2d 91, at paragraph three of the syllabus.
 {¶ 20} Initially, we note that clonazepam is a Schedule IV controlled substance identified in R.C. 3719.41(B)(9) and, therefore, a controlled substance. It is well-established in this district that "[t]he determination of a `drug of abuse' is one of law and in making this determination judicial notice may be taken of the schedules of controlled substances under R.C. 3719.41."State v. Daugert (June 29, 1990), 11th Dist. No. 89-L-14-091, 1990 Ohio App. LEXIS 2719, at *5, citing State v. Reed (1983),14 Ohio App.3d 63, 68; accord State v. Toddy (Dec. 8, 2000), 11th Dist. No. 99-A-0054, 2000 Ohio App. LEXIS 5736, at *9. There was no error in the trial court's instruction relative to clonazepam.
 {¶ 21} Clarisoprodol and tramadol are unscheduled substances under Ohio law and federal law, although, as regulated by federal law, clarisoprodol and tramadol may only be dispensed by prescription.[1] It is uncertain whether, in its instruction to the jury, the trial court was relying on the testimony of the State's expert that these drugs may only be dispensed by prescription or some other pharmaceutical reference. The State's expert, Rohde, cited no authority for his opinion that clarisoprodol and tramadol may only be dispensed by prescription. If the court intended to judicially notice the fact that clarisoprodol and tramadol may only be dispensed by prescription, it failed to comply with Evid.R. 201(G) (requiring the court to instruct the jury in a criminal matter that "it may, but is not required to, accept as conclusive the fact judicially noticed").
 {¶ 22} Any error in the trial court's instruction relative to clarisoprodol and tramadol, however, was harmless. The only evidence before the jury was that clarisoprodol and tramadol could only be dispensed by prescription. Patrolman Straube testified that all the medicines in Anderson's possession were dispensed by prescription. Absent an exercise in jury nullification, the jury could only have concluded that clarisoprodol and tramadol were prescription medications. Moreover, Anderson's conviction could be sustained for operating a vehicle under the influence of clonazepam, which the trial court properly instructed the jury is a drug of abuse as a controlled substance.
 {¶ 23} The first assignment of error is without merit.
 {¶ 24} Under the second assignment of error, Anderson argues that trial counsel was ineffective for failing to object to the trial court's instruction that clarisoprodol, tramadol, and klonopin/clonazepam are "drugs of abuse."
 {¶ 25} The Ohio Supreme Court has adopted a two-part test to determine whether an attorney's performance has fallen below the constitutional standard for effective assistance. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding."State v. Madrigal, 87 Ohio St.3d 378, 388-389, citingStrickland v. Washington (1984), 466 U.S. 668, 687-688. The failure to prove any one prong of this two-part test makes it unnecessary for a court to consider the other prong. Madrigal,87 Ohio St.3d at 389, citing Strickland, 466 U.S. at 697.
 {¶ 26} In the present circumstances, Anderson cannot demonstrate that she was prejudiced by trial counsel's failure to object to the jury instruction regarding clarisoprodol and tramadol. As discussed above, the only evidence before the jury was that clarisoprodol and tramadol are "prescription only" drugs. Anderson does not contend otherwise, but, rather, argues that the jury was deprived of its right to disbelieve the State's expert on this issue. We disagree. "The assessment of prejudice should proceed on the assumption that the decisionmaker is reasonably, conscientiously, and impartially applying the standards that govern the decision." Strickland,466 U.S. at 695. Although a jury theoretically has a right to disregard the evidence or the court's instructions in rendering a verdict, the exercise of that right is not consistent with a reasonable, conscientious, and impartial application of the law to the facts in this case. The unchallenged evidence before the jury was that clarisoprodol and tramadol require a prescription, a fact that the trial court could have taken judicial notice. Accordingly, there was nothing unfair or unreliable in Anderson's conviction as a result of the court's jury instruction.
 {¶ 27} The second assignment of error is without merit.
 {¶ 28} Under the third assignment of error, Anderson argues that her conviction is against the manifest weight of the evidence.
 {¶ 29} A challenge to the manifest weight of the evidence raises a factual issue. "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. "[T]he weight to be given to the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967),10 Ohio St.2d 230, at syllabus. However, when considering a weight of the evidence argument, a reviewing court "sits as a `thirteenth juror'" and may "disagree with the factfinder's resolution of the conflicting testimony." Thompkins,78 Ohio St.3d at 387, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. "The only special deference given in a manifest-weight review attaches to the conclusion reached by the trier of fact." Id. at 390 (Cook, J., concurring opinion).
 {¶ 30} Anderson maintains that the jury lost its way in determining that she was operating a vehicle while under the influence of a drug of abuse. Anderson argues that, while there was substantial evidence of her impaired condition, "there was no evidence presented that such was not the result of the accident, illness, or even the normal behavior of Appellant." We disagree.
 {¶ 31} The State presented evidence that Anderson's condition — her slurred speech, her drowsiness, her inability to stand — was typical of a person under the influence of central nervous system depressants, such as clonazepam and clarisoprodol. Anderson admitted to having taken two clarisoprodol tablets since midnight. The prescription bottles recovered from Anderson's purse suggest that Anderson was taking the three medicines in the doses prescribed by her doctors, and possibly in doses greater than her doctors had prescribed. Although this evidence is largely circumstantial evidence that Anderson was under the influence of a drug of abuse (Anderson's admission to having taken clarisoprodol is direct evidence), it is well-established that circumstantial evidence has the same probative force as direct evidence in sustaining a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259, at paragraph one of the syllabus.
 {¶ 32} Additionally, we note that many appellate districts, including this one, have affirmed convictions under R.C. 4511.19
for "driving under the influence of a legal prescription, even in the prescribed dose, if it impairs their ability to operate the vehicle." State v. Vingino, 7th Dist. No. 05 BE 28,2006-Ohio-3484, at ¶ 15; State v. Stephenson, 4th Dist. No. 05CA30, 2006-Ohio-2563, at ¶ 22 (appellant's conviction for driving under the influence of a drug of abuse upheld based on appellant's admission to having taken prescription methadone and morphine, appellant's impaired condition, and the number of medications in appellant's possession). See, also, State v.Rizzo, 11th Dist. No. 2002-T-0121, 2003-Ohio-4724, at ¶ 14 (appellant's conviction for driving under the influence of a drug of abuse upheld based on appellant's admission to having taken several prescription drugs earlier in the day, appellant's "groggy" and "disoriented" condition, and appellant's possession of a pill bottle containing oxycontin, percocet, and valium).
 {¶ 33} The third assignment of error is without merit.
 {¶ 34} In her fourth and final assignment of error, Anderson contends that the trial court's imposition of a non-minimum sentence violates her Sixth Amendment right to trial by jury for the reasons set forth in the United States Supreme Court decisions in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. Subsequent to the filing of her appeal, the Ohio Supreme Court, in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, declared several provisions of Ohio's felony sentencing law unconstitutional based on the Apprendi and Blakely decisions.
 {¶ 35} Anderson was convicted of a fourth degree felony charge of Driving While Under the Influence of Alcohol or Drugs. The basic prison terms for a fourth degree felony are from six to eighteen months. R.C. 2929.14(A)(4). The trial court imposed a one year prison term on Anderson, who had not previously served time in prison. The trial court found "pursuant to Revised Code Section 2929.14(B) that the shortest prison term will demean the seriousness of the Defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the Defendant and others."
 {¶ 36} In Foster, the Ohio Supreme Court held that R.C.2929.14(B), requiring that "the shortest prison term authorized" by statute be imposed on offenders not having previously served a prison term, unless the sentencing court makes certain "findings," is unconstitutional. 2006-Ohio-856, at paragraph one of the syllabus. The court ruled that sentences exceeding the statutory minimum, based on the constitutionally invalid R.C.2929.14(B), were void. Id. at ¶ 103.
 {¶ 37} The Ohio Supreme Court further held that R.C.2929.14(B) is severable from R.C. Chapter 2929, governing felony sentencing. Id. at paragraph two of the syllabus. "After the severance, judicial factfinding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. The proper course for an appellate court to follow in this situation "is to vacate that sentence and remand to the trial court for a new sentencing hearing." Id. Accordingly, Anderson is entitled to a new sentencing hearing for her Driving While Under the Influence of Alcohol or Drugs conviction.
 {¶ 38} The trial court also imposed a consecutive, two year prison term on Anderson pursuant to her repeat OVI offender specification. The repeat OVI offender specification applies to offenders who have been convicted of five or more violations of R.C. 4511.19 in the twenty years preceding the current charge. R.C. 2941.1413. Where an offender has been found guilty of the specification, the trial court "shall impose upon the offender a mandatory prison term of one, two, three, four, or five years." R.C. 2929.13(G)(2). "The offender shall serve the one-, two-, three-, four-, or five-year mandatory prison term consecutively to and prior to the prison term imposed for the underlying offense and consecutively to any other mandatory prison term imposed in relation to the offense." Id.
 {¶ 39} As drafted, R.C. 2929.13(G)(2) does not require the trial court to engage in "judicial factfinding" as prohibited byApprendi and its progeny. The imposition of an additional prison term for repeat OVI offenders is mandatory and the additional prison term must be served consecutively with the prison term for the underlying offense. The trial court is given complete discretion to determine the length of the additional prison term. Accordingly, we find no error with this part of Anderson's sentence.
 {¶ 40} The fourth assignment of error has merit as it applies to Anderson's sentence for Driving While Under the Influence of Alcohol or Drugs.
 {¶ 41} For the foregoing reasons, the decision of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and this cause if remanded for re-sentencing on the charge of Driving While Under the Influence of Alcohol or Drugs. At the re-sentencing hearing, Anderson "may stipulate to the sentencing court acting on the record before it." Foster, 2006-Ohio-856, at ¶ 105. Anderson may also argue for a reduction in her sentence, just as the state may now seek to increase the penalty. Id. In either case, the trial court has "full discretion to impose a prison sentence within the statutory range and [is] no longer required to make findings or give [its] reasons for imposing [a] maximum * * * or more than the minimum sentence." Id. at ¶ 100.
Donald R. Ford, P.J., Cynthia Westcott Rice, J., concur.
[1] Under the current Federal Food, Drug, and Cosmetic Act, such drugs are no longer required to be labeled with the legend "Caution: Federal law prohibits dispensing without prescription." Instead, they must bear, "at a minimum, the symbol `Rx only'."21 U.S.C. 353(b)(4)(A).