OPINION
{¶ 1} Defendant-appellant, Sandra J. Anderson, appeals the Judgment Entry of Sentence of the Lake County Court of Common Pleas, sentencing her to an aggregate prison term of three years for Driving While under the Influence of Alcohol or Drugs, a fourth degree felony in violation of R.C. 4511.19(A)(1)(a), with a Repeat OVI Offender Specification, pursuant to R.C. 2941.1413. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} The charges against Anderson arose out of an incident on December 7, 2004, when the van being operated by Anderson collided with another vehicle. See State v. Anderson, 11th Dist. No. 2005-L-179,2006-Ohio-5371, at ¶¶ 2-7. Anderson was convicted following a jury trial and sentenced to serve a one-year term of imprisonment for Driving While Under the Influence of Alcohol or Drugs and a consecutive, two-year term of imprisonment, for the Repeat OVI Offender Specification. Id. at ¶ 11.
 {¶ 3} In a prior appeal of her case, we reversed the one-year sentence for Driving While Under the Influence of Alcohol or Drugs on the grounds that the trial court judge engaged in impermissible judicial fact-finding, by sentencing Anderson to a greater than the minimum sentence based on the finding that the shortest prison term would demean the seriousness of Anderson's conduct and not adequately protect the public from future crime. Id. at ¶¶ 35-36, citing State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, at paragraph one of the syllabus. The two-year prison term for the Repeat OVI Offender Specification was affirmed. Id. at ¶ 39. Anderson's case was remanded "for re-sentencing on the charge of Driving While Under the Influence of Alcohol or Drugs." Id. at 41.
 {¶ 4} On November 20, 2006, the trial court again imposed a one-year prison sentence for Driving While Under the Influence of Alcohol or Drugs. Anderson timely appeals and raises the following assignment of error: "The trial court erred by failing to impose minimum terms of incarceration, where the record reveals that such terms are reasonable." *Page 3 
 {¶ 5} Anderson argues the trial court should have imposed the minimum prison term of six months for a fourth degree felony and the minimum prison term of one year for the specification. R.C. 2929.14(A)(4) (the basic prison term for a fourth degree felony is from six to eighteen months); R.C. 2929.13(G)(2) (a prison term of one to five years shall be imposed for the Repeat OVI Offender Specification). Anderson maintains she is entitled to the minimum prison terms in light of the fact she has not served a prior prison term, she is currently participating in an AA program to address her substance abuse issues, and she is in need of more effective medical and psychological care than she is currently receiving in prison.
 {¶ 6} As to the two-year prison term for the Repeat OVI Offender Specification, we point out that, in the prior appeal, we affirmed this part of Anderson's sentence. Id. at ¶ 39 (since R.C. 2929.13(G)(2) does not require a sentencing court to engage in "judicial factfinding" as prohibited by Apprendi v. New Jersey (2000), 530 U.S. 466, and its progeny, the additional prison term imposed for the Repeat OVI Offender Specification does not violate the strictures of Foster).
 {¶ 7} Accordingly, the trial court had no authority to alter this part of Anderson's sentence, had it been inclined to do so. As the Ohio Supreme Court recently stated, "[a]n appellate court may not vacate and remand an entire sentence imposed upon a defendant when the error in sentencing pertains only to a sanction imposed for one specification."State v. Evans, 113 Ohio St.3d 100, 2007-Ohio-861, at paragraph one of the syllabus. Similarly, when the error in sentencing only pertains to a particular conviction and does not affect an accompanying specification, an appellate court may not vacate the sentence for the specification. Id. at ¶ 16 ("the sanctions imposed for the *Page 4 
conviction of the underlying offense are separate from those imposed for conviction of the specification"). In Anderson's case, the trial court's error pertained only to the sentence imposed for the Driving While Under the Influence of Alcohol or Drugs conviction, not to the sentence imposed for the Repeat OVI Offender Specification.
 {¶ 8} As to the one-year prison term for Driving While Under the Influence of Alcohol or Drugs, this sentence falls within the statutorily prescribed range of sentences for fourth degree felonies and, therefore, its imposition was a valid exercise of the trial court's discretion.
 {¶ 9} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). A felony sentence must be consistent with other sentences imposed for similar crimes, "reasonably calculated" to achieve the overriding purposes of felony sentencing, and "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B).
 {¶ 10} A court imposing sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). In Foster, the Ohio Supreme Court emphasized that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 2006-Ohio-856, at ¶ 100.
 {¶ 11} Accordingly, this court has repeatedly held that a sentence falling within the statutorily prescribed range of sentences for a particular offense is not *Page 5 
unreasonable. State v. Haney, 11th Dist. No. 2006-L-253, 2007-Ohio-3712, at ¶ 29 ("[p]ursuant to Foster, the trial court had full discretion to sentence appellant to more than the minimum sentence"); State v.Sanders, 11th Dist. No. 2006-L-222, 2007-Ohio-3207, at ¶ 18 (citations omitted); State v. Bengal, 11th Dist. No. 2006-L-123, 2007-Ohio-2691, at ¶ 20.
 {¶ 12} Anderson's sole assignment of error is without merit.
 {¶ 13} The Judgment Entry of Sentence of the Lake County Court of Common Pleas is affirmed.
 MARY JANE TRAPP, J., TIMOTHY P. CANNON, J., concur. *Page 1