OPINION
{¶ 1} Defendant-appellant Gary J. Mount ("Mount") brings this appeal from the judgment of the Court of Common Pleas of Marion County.
 {¶ 2} Mount and the victim began having a relationship via the internet. At that time, the victim told Mount she was 18 years old. At the time, Mount was 40 years old. They continued to communicate. Mount eventually suggested that they meet in person at a club. The victim then informed Mount that she was only 17 years old, so they could not meet at the club. Mount then arranged to pick up the victim near her home. On May 24, 2003, Mount picked up the victim and took her to his home in Marion. At the house, Mount served the victim alcoholic beverages which she consumed. Mount then engaged in sexual intercourse with the victim although he knew she was intoxicated.
 {¶ 3} Over the next few days, Mount picked up the victim near her school daily and took her to his home. On Saturday, May 31, 2003, the victim's family and friends continually called Mount's cell phone in an attempt to locate the victim. The victim became upset and told Mount that she was only 16 years of age. After learning this information, Mount continued to engage in sexual intercourse with the victim. The meetings continued through June 1, 2003.
 {¶ 4} On June 2, 2003, Mount was interviewed by a police officer with the Marion Police Department. Mount admitted at that time that he had engaged in sexual intercourse with the victim four times. He also admitted that the victim had told him that she was only 17 before the first occurrence. Mount admitted to being concerned about legal problems because of the victim's age before he engaged in the sexual intercourse. Mount also admitted that he had provided the alcohol to the victim and that he knew it had affected her.
 {¶ 5} On June 5, 2003, the Marion County Grand Jury indicted Mount on nine counts of unlawful sexual conduct with a minor and one count of sexual battery. A bench trial was conducted on December 15 and December 16, 2003. The trial court found Mount guilty of one count of sexual battery and one count of unlawful sexual conduct with a minor, both felonies of the third degree. Mount was found not guilty on the remaining eight counts of the indictment. On March 23, 2004, Mount was sentenced to two years in prison on each count with the sentences to be served concurrently. Mount appeals from this judgment and raises the following assignments of error.
The evidence presented at trial was insufficient and did notsupport the trial court's finding that on or about June 1, 2003,[Mount] engaged in sexual conduct with another when [Mount] knewsuch person was 13 years of age or older, but less than 16 yearsof age, or that [Mount] was reckless in that regard, and [Mount]is 10 or more years older than the other person.
 The trial court's conviction of [Mount] for unlawful sexualconduct with a minor is against the manifest weight of theevidence.
 The evidence presented at trial was insufficient to supportthe trial court's conviction of [Mount] for the offense of sexualbattery.
 The trial court's conviction of [Mount] for the offense ofsexual battery is against the manifest weight of the evidence.
 {¶ 6} In the first and third assignments of error, Mount claims that the evidence was insufficient to support a conviction. "When a defendant challenges the sufficiency of the evidence, `the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" State v. Johnson (2000),88 Ohio St.3d 95, 112, 723 N.E.2d 1054.
 {¶ 7} Mount challenges the sufficiency of the evidence to convict him of unlawful sexual conduct with a minor in the first assignment of error. The elements of this offense are as follows: 1) Being 18 or older; 2)Engage in sexual conduct; 3) With one who is not the offender's spouse when; 4) the Offender knows the person is older than 13 years, but younger than 16 years OR to be reckless as to the child's age. R.C. 2907.04
 {¶ 8} In this case, Mount was 40 years of age when the offense occurred. Mount admitted to engaging in vaginal intercourse with the victim. Mount was not married to the victim. When Mount first had contact with the victim, she told him she was 18 years of age. Prior to the first personal meeting, the victim told him that she was really 17 years of age. Then prior to an occasion in which the two engaged in vaginal intercourse, the victim told Mount, that she was really 16 years old. Although Mount may not have had actual knowledge as to the fact that the victim was only 15 years old, he did not do anything to learn the victim's true age. After she had changed her age three times, Mount should have known that she might be lying about her age. Viewing the evidence in a light most favorable to the prosecution, a reasonable juror could find that Mount was reckless in determining the true age of the victim before engaging in sexual intercourse with her, especially on the June 1 occasion for which he was convicted. The first assignment of error is overruled.
 {¶ 9} In the third assignment of error, Mount claims the evidence is insufficient to support a conviction for sexual battery. The elements of sexual battery are as follows: 1) Engage in sexual conduct; 2) With a person not your spouse when; 3) the offender knows that the other's ability to appraise the situation or control the conduct is substantially impaired. R.C. 2907.03
 {¶ 10} The officer from the Marion Police Department testified that Mount admitted in the interview to giving the victim two shots of Captain Morgan's rum and then some Jack Daniels Coolers. Mount also admitted to the officer that the alcohol "really affected her." The victim testified that without the alcohol, she would not have had intercourse with Mount. Tr. 110. Viewing this evidence in a light most favorable to the prosecution, a reasonable person could conclude that Mount was aware that the victim's decision making ability was impaired by the alcohol when he engaged in sexual intercourse with her. Thus, the third assignment of error is overruled.
 {¶ 11} The second and fourth assignments of error claim that the convictions were against he manifest weight of the evidence.
Although a court of appeals my determine that a judgment of atrial court is sustained by sufficient evidence, that court maynevertheless conclude that the judgment is against the weight ofthe evidence. * * * Weight of the evidence concerns "theinclination of the greater amount of credible evidence,offered in a trial, to support one side of the issue rather thanthe other. It indicates clearly to the jury that the party havingthe burden of proof will be entitled to their verdict, if, onweighing the evidence in their minds, they shall find thegreater amount of credible evidence sustains the issue whichis to be established before them. Weight is not a question ofmathematics, but depends on its effect in inducing belief."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction." State v. Lindsey (2000),87 Ohio St.3d 479, 483, 721 N.E.2d 995.
 {¶ 12} The second assignment of error claims that the conviction for unlawful sexual conduct with a minor is against the manifest weight of the evidence. During the trial, the victim testified that she and Mount engaged in vaginal intercourse after she had changed her age for a third time and told him she was only 16 years old rather than the 18 years old or the 17 years old that she had previously told him. Mount admitted to the police officer that the victim's age concerned him because he "didn't want to get in trouble." Tr. 122. Based upon the evidence before it, this court cannot find that the trial court clearly lost its way and created a manifest miscarriage of justice that must be reversed. There is evidence to support the trial court's decision that on June 1, 2003, Mount engaged in sexual conduct with a minor not his spouse that was under 16 years of age, but older than 13 years of age, and that Mount was reckless in learning her age. Thus, the second assignment of error is overruled.
 {¶ 13} Finally, Mount claims that the conviction for sexual battery is against the manifest weight of the evidence. The evidence presented was that Mount gave her two shots of rum and some Jack Daniels coolers. Mount admitted that the alcohol affected her behavior. He admitted to the officer that she needed a painkiller for her head and something to settle her stomach. The victim testified that the alcohol affected her judgment as well. Despite these indications, Mount proceeded to have sexual intercourse with the victim. Given this testimony, the trial court could reasonably conclude that a sexual battery had occurred. Thus, the fourth assignment of error is overruled.
 {¶ 14} The judgment of the Court of Common Pleas of Marion County is affirmed.
Judgment affirmed.
 Cupp and Rogers, JJ., concur.