OPINION
{¶ 1} Defendant-appellant, Ronald T. Martin, appeals his sentence in the Lake County Court of Common Pleas, following the entry of a guilty plea to two counts of Trafficking in Cocaine, felonies of the first degree, in violation of R.C. 2925.03. Based upon the Ohio Supreme Court's recent decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we reverse the sentence imposed by the trial court and remand for resentencing.
 {¶ 2} The charges in this case arose out of two instances involving the sale of crack cocaine to a confidential informant of the Painesville Police Department, which occurred on or about May 18, 2004, and May 26, 2004. Following Martin's guilty plea to both charges, the matter proceeded to sentencing. On August 24, 2005, Martin was sentenced to six years on each count, to run consecutively, for a total prison term of twelve years. This timely appeal followed, in which Martin assigns the following as error:
 {¶ 3} "[1.] The trial court erred in sentencing the defendant-appellant to twelve years in prison when it sentenced him based upon findings not supported by the record.
 {¶ 4} "[2.] The trial court violated the defendant-appellant's rights to equal protection and due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and under Sections 2, 10 and 16, Article I of the Ohio Constitution, when it sentenced him contrary to R.C.2929.11(B).
 {¶ 5} "[3] The trial court erred when it sentenced the defendant-appellant to consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."
 {¶ 6} We first consider Martin's third assignment of error, since it is dispositive of this appeal. Martin argues that the imposition of consecutive sentences violates recent case law from the United States Supreme Court regarding his Sixth Amendment right to trial by jury.
 {¶ 7} Pursuant to R.C. 2953.08(G), an appellate court may vacate the sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly finds" that the sentence imposed by the trial court "is contrary to law." R.C.2953.08(G)(2)(b); State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 23.
 {¶ 8} R.C. 2929.14(A)(1) provides that for a felony of the first degree, the mandatory prison term ranges from three to ten years. Appellant was sentenced to six years on each count of Trafficking in Cocaine, to be run consecutively, for a total of twelve years. Appellant challenges the trial court's imposition of consecutive sentences as violative of his Sixth Amendment right to trial by jury pursuant to the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296
and its progeny, since it required factual findings not admitted by him or found by a jury.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court declared certain portions of Ohio's Felony Sentencing Statutes, including R.C. 2929.14(E)(4), unconstitutional under Blakely, since the statute requires the trial judge to make certain "findings" before imposing consecutive sentences. Id. at paragraph three of the syllabus (citations omitted). The Supreme Court further held that R.C.2929.14(E)(4) is severable from the remainder of R.C. Chapter 2929, leaving behind the valid provisions of Ohio's Sentencing Statutes. Id. at paragraph four of the syllabus. "After the severance, judicial factfinding is not required before imposition of consecutive prison terms." Id. citing United States v.Booker (2005), 543 U.S. 220, 257-259.
 {¶ 10} Pursuant to Foster, the trial court's imposition of sentence based upon these now unconstitutional findings renders his sentence void and requires this court to vacate his sentence and remand this matter to the trial court for resentencing.2006-Ohio-856, at ¶ 103, citing State v. Jordan,104 Ohio St.3d 21, 2004-Ohio-6085, at ¶ 23. Martin's third assignment of error has merit.
 {¶ 11} Upon remand, Martin is entitled to a new sentencing hearing, but "may stipulate to the sentencing court acting on the record before it." Id. at ¶ 105. In conducting the resentencing exercise, the trial court "shall consider those portions of the sentencing code that are unaffected" by the holding of Foster,
and is free to "impose any sentence within the appropriate felony range," including requiring the offender to serve those terms consecutively. Id. Martin is now free to argue for a reduction in his sentence, just as the State may now seek a greater penalty. Id.
 {¶ 12} In his first assignment of error, Martin argues that the trial court's sentence of twelve years is not supported by findings in the record. In his second assignment of error, he argues that the trial court erred by imposing a sentence not consistent with that imposed on similarly situated criminals who committed similar crimes. In light of the fact that his sentence is void under Foster, Martin's other assignments of error are rendered moot and we need not consider them. App.R. 12(A)(1)(c).
 {¶ 13} We vacate the judgment entry of sentence of the Lake County Court of Common Pleas and reverse and remand this matter for resentencing in light of the "remedial severance and interpretation of Ohio's felony sentencing statutes," as explained in Foster. Under this remedy, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
O'Toole, J., concurs, O'Neill, J., concurs in judgment only.