OPINION
{¶ 1} Defendant-appellant, Ronald T. Martin, appeals the August 15, 2006 judgment of the Lake County Court of Common Pleas following the entry of guilty pleas to two counts of Trafficking in Cocaine, felonies of the first degree, in violation of R.C. 2925.03, sentencing him to six years on each count, for an aggregate prison term of twelve years. We affirm the judgment of the lower court.
 {¶ 2} The charges arose from two separate instances involving the sale of crack cocaine, via controlled buys, to a confidential informant of the Painesville Police. *Page 2 
 {¶ 3} Martin was originally given an identical sentence for these offenses on August 24, 2005. This court reversed the judgment entry of sentence, and remanded the matter for resentencing, pursuant to the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. See State v. Martin, 11th Dist. No. 2005-L-170,2006-Ohio-3226, at ¶ 13.
 {¶ 4} Following his resentencing, Martin timely appealed, assigning the following as error:
 {¶ 5} "[1.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of the Due Process and Ex Post Facto clauses of the Ohio and United States Constitutions.
 {¶ 6} "[2.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term in violation of defendant-appellant's right to due process.
 {¶ 7} "[3.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term based on the Ohio Supreme Court's severance of the offending provisions under Foster, which was an act in violation of the principle of separation of powers.
 {¶ 8} "[4.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison term contrary to the rule of lenity.
 {¶ 9} "[5.] The trial court erred when it sentenced the defendant-appellant to a more-than-the-minimum, consecutive prison terms contrary to the intent of the Ohio Legislators.
 {¶ 10} "[6.] The trial court violated the defendant-appellant's rights to equal protection and due process of law under the Fifth andFourteenth Amendments to the *Page 3 
U.S. Constitution and under Sections 2, 10 and 15, Article I of the Ohio Constitution when it sentenced him contrary to R.C. 2929.11(B)."
 {¶ 11} For discussion purposes, we will consolidate Martin's assignments of error one through five. These assignments of error all challenge the retroactive application of Foster to his sentencing hearing. The arguments raised in support of this position are identical to the arguments raised and rejected in prior decisions of this court. See State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070,2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075,2006-Ohio-7011, at ¶ 30; State v. Asbury, 11th Dist. No. 2006-L-097,2007-Ohio-1073, at ¶ 15; State v. Anderson, 11th Dist. No. 2006-L-142,2007-Ohio-1062, at ¶ 15; State v. Spicuzza, 11th Dist. No. 2006-L-141,2007-Ohio-783, at ¶ 13-35.
 {¶ 12} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3rd Dist. No. 1-06-51, 2006-Ohio-6860, at ¶ 9; United States v.Portillo-Quezada (C.A.10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 13} Martin's first, second, third, fourth and fifth assignments of error are without merit.
 {¶ 14} In his sixth assignment of error, Martin argues that the trial court violated his constitutional rights by failing to consider whether his sentence was consistent with similar crimes committed by similar offenders, as required by R.C. 2929.11(B). We disagree.
 {¶ 15} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. *Page 4 2929.11(A). In addition to being consistent with other sentences imposed for similar crimes, a felony sentence must be "reasonably calculated" to achieve the overriding purposes of felony sentencing and be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B).
 {¶ 16} The statutory range of prison terms for felonies of the first degree is three to ten years. R.C. 2929.14(A)(1). As a general rule, sentences that fall within the statutory range do not violate the constitutional provision regarding excessive punishments. State v.Gladding (1990), 66 Ohio App.3d 502, 513, citing McDougle v.Maxwell (1964), 1 Ohio St.2d 68, 69.
 {¶ 17} "[I]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision." State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 12. "Thus, the only way for Appellant to demonstrate that his sentence was `inconsistent' * * * is if he establishes that the trial court failed to * * * consider the * * * guidelines contained in [Ohio's sentencing statutes]." Id. at ¶ 13.
 {¶ 18} This court has stated that, although "a trial court is required to engage in the analysis set forth by R.C. 2929.11(B), to ensure the consistency of sentences," a court is not required "to make specific findings on the record" in this regard. State v. Newman, 11th Dist. No. 2002-A-0007. 2003-Ohio-2916, at ¶ 10. Moreover, a trial court possesses "broad discretion to determine the most effective way to comply with the purposes and principles of sentencing within the statutory guidelines."State v. Smith (Jun. 11, 1999), 11th Dist. No. 98-P-0018, 1999 Ohio App. LEXIS 2632, at *8.
 {¶ 19} Our review of the sentencing transcript indicates that the trial court considered the relevant sentencing guidelines prior to imposing Martin's sentence of six *Page 5 
years for each offense. Since his sentences fall within the statutory range, we cannot conclude the trial court abused its discretion by imposing a sentence inconsistent with similarly situated offenders.
 {¶ 20} For these reasons, we affirm the judgment of the Lake County Court of Common Pleas.
WILLIAM M. O'NEILL, J., concurs,
COLLEEN MARY OTOOLE, J., concurs in judgment only with a Concurring Opinion.