OPINION
{¶ 1} Defendant-appellant, John M. Sanders, appeals the Judgment Entry of Sentence, rendered by the Lake County Court of Common Pleas, sentencing him to serve a prison term of six years for crimes more fully described below. For the reasons that follow, we affirm the decision of the court below on the authority of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 2} On March 21, 2003, Sanders was charged with the following, as set forth in a thirty-two count indictment: one count of Engaging in a Pattern of Corrupt Activity, a *Page 2 
felony of the second degree, in violation of R.C. 2923.32(A)(1); fourteen counts of Forgery, felonies of the fifth degree, in violation of R.C. 2913.31(A)(2); eleven counts of Theft, felonies of the fifth degree, in violation of R.C. 2913.02(A)(3); two counts of Forgery, felonies of the fourth degree, in violation of R.C. 2913.31(A)(2); two counts of Grand Theft, felonies of the fourth degree, in violation of R.C. 2913.02(A)(3); and three counts of Receiving Stolen Property, felonies of the fifth degree, in violation of R.C. 2913.51(A).
 {¶ 3} The charges arose from Sanders' involvement in passing forged and/or stolen checks in Cuyahoga, Lake, and Ashtabula counties to support his addiction to crack-cocaine.
 {¶ 4} On June 2, 2003, Sanders entered a plea of guilty to one count of Engaging in a Pattern of Corrupt Activity, one count of fourth-degree Forgery, fifteen counts of fifth-degree Forgery, and one count of Receiving Stolen Property.
 {¶ 5} On August 20, 2003, the trial court ordered Sanders to serve a six-year prison term for Engaging in a Pattern of Corrupt Activity, and six-month prison terms for each of the remaining Theft, Forgery, and Receiving Stolen Property convictions. The court ordered all sentences to be served concurrently, for an aggregate prison sentence of six years. The court further ordered Sanders to pay restitution in the amount of $32,626.
 {¶ 6} Sanders appealed his sentence to this court, challenging the court's order of restitution and imposition of a greater-than-minimum prison term based upon findings not found by a jury or admitted to by Sanders. This court affirmed Sander's sentence in its entirety. SeeState v. Sanders, 2003-L-144, 2004-Ohio-5937. *Page 3 
 {¶ 7} In Foster, the Ohio Supreme Court held that the statute under which Sanders' had been sentenced was unconstitutional. 2006-Ohio-856, at paragraph one of the syllabus ("R.C. 2929.14(B) and (C) and2929.19(B)(2) requiring] judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant * * * are unconstitutional"). The court further held that these provisions were severable. Id. at paragraph two of the syllabus ("R.C. 2929.14(B) and (C) and 2929.19(B)(2) are capable of being severed").
 {¶ 8} In In re Ohio Criminal Sentencing Statutes Cases,109 Ohio St.3d 313, 2006-Ohio-2109, the Supreme Court reversed this court's decision regarding the prison sentence and remanded Sanders' case to the trial court for resentencing. Id. at ¶¶ 2, 6.
 {¶ 9} On September 11, 2006, the trial court again sentenced Sanders to an aggregate prison term of six years as described above. Sanders timely appeals and raises the following assignments of error.
 {¶ 10} "[1.] The trial court erred to the prejudice of the appellant when it sentenced him to more than the minimum prison term which sentence is contrary to law.
 {¶ 11} "[2.] The trial court erred when it sentenced the defendant-appellant to more than the minimum prison term based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury.
 {¶ 12} "[3.] The sentence violates the Due Process Clause and Ex Post Facto provisions of the United States and Ohio Constitutions."
 {¶ 13} In the first assignment of error, Sanders argues that he should have received the minimum sentence, two years for a second degree felony, see R.C. *Page 4 2929.14(A)(2), since his crimes were not so serious as to be demeaned by a minimum sentence, he acknowledged responsibility and was remorseful for his actions, and there was no indication that the minimum sentence would not protect the public from future crime.
 {¶ 14} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C.2929.11(A). "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
 {¶ 15} A court imposing sentence for felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). In the exercise of this discretion, a court "shall consider" the non-exclusive list of seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E).
 {¶ 16} The Ohio Supreme Court has characterized both R.C. 2929.11 and2929.12 "as a general judicial guide for every sentencing."Foster, 2006-Ohio-856, at ¶ 36. There is no "mandate" for the sentencing court to engage in any factual finding under these statutes, rather, "[t]he court is merely to `consider' the statutory factors." Id. at ¶ 42. Accordingly, the trial court is not required to make specific findings on the record to "evince the requisite consideration of the applicable seriousness and *Page 5 
recidivism factors." State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302. Nor is a trial court required to make specific findings on the record in order to demonstrate that it engaged in the analysis under R.C. 2929.11 to ensure that the sentence is not demeaning to the seriousness of the offender's conduct. State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 35 (citations omitted).
 {¶ 17} We further note that, in Foster, the Supreme Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 2006-Ohio-856, at paragraph seven of the syllabus.
 {¶ 18} In light of Foster, the trial court held the trial court has the discretion to impose any sentence within the statutory range and does not err by exercising that discretion. For a felony of the second degree, the basic range for prison terms is between two and eight years. R.C. 2929.14(A)(2). Sanders' sentence falls within this range. State v.Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33 ("the trial court had full discretion to sentence appellant within the statutory ranges"); cf. State v. Martin, 11th Dist. No. 2006-L-191,2007-Ohio-2579, at ¶ 19 ("[s]ince [appellant's] sentences fall within the statutory range, we cannot conclude the trial court abused its discretion by imposing a sentence inconsistent with similarly situated offenders").
 {¶ 19} Beyond sentencing Sanders within the prescribed range, the trial court complied with the requirement of R.C. 2929.11 and 2929.12 to consider the seriousness of Sanders' conduct in light of the relevant statutory factors. Sanders' extensive criminal record, including prior felonies and a prison sentence, was central to the court's decision *Page 6 
to impose a six-year sentence ("certainly the sheer amount of havoc created by this Defendant and his prior criminal record stand out most to this Court").
 {¶ 20} The first assignment of error is without merit.
 {¶ 21} In the second assignment of error, Sanders argues the trial court erred by imposing a greater-than-minimum prison term based on a finding of factors contained in R.C. 2929.14 that were not admitted to by Sanders or determined by a jury. This argument is inconsistent with the record before us. In re-sentencing Sanders to a six-year prison sentence, the trial court made no findings, but merely considered the relevant statutory factors.
 {¶ 22} The second assignment of error is without merit.
 {¶ 23} Under the third assignment of error, Sanders argues that the retroactive application of the Foster decision violates the Due Process Clause and Ex Post Facto provisions of the United States and Ohio Constitutions. This argument has been addressed and rejected by this court on numerous occasions. See State v. Cody, 11th Dist. No. 2006-L-228, 2007-Ohio-1925, at ¶ 13 and the cases cited therein.
 {¶ 24} The third assignment of error is without merit.
 {¶ 25} For the foregoing reasons, the Judgment Entry of Sentence of the Lake County Court of Common Pleas, sentencing Sanders to an aggregate prison term of six years, is affirmed.
CYNTHIA WESTCOTT RICE, P.J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1