OPINION
{¶ 1} Defendant-appellant, Keith A. Romig, appeals the judgment of the Lake County Court of Common Pleas, following jury trial, convicting him of three counts of Unlawful Sexual Conduct with a Minor, felonies of the third degree, in violation of R.C. 2907.04(A) and (B)(3), and sentencing him to two years imprisonment on each count, to be served consecutively, for a total sentence of six years. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} The charges against appellant arose from three separate incidents of sexual intercourse with T.A., (hereinafter, T.), a minor then age fifteen, which occurred between January 13, 2006 and ending in late spring of 2006.
 {¶ 3} Appellant became acquainted with T. in the summer of 2005, shortly after she had finished eighth grade. T., who lived with her father in Eastlake, Ohio, was staying for the summer with her mother, Sarah, in a trailer park in Painesville, Ohio. Appellant, who was staying in the trailer park with a friend while going through a divorce, became close friends with Sarah and T., and the three of them frequently spent time together.
 {¶ 4} When summer ended, T. returned to her father's home, but remained in contact with appellant, by means of a cell phone he provided to her. On occasion, he took her to and from Eastlake North High School, where she was a freshman. She saw him frequently when she stayed with her mother on weekends. They went out to eat, and on three or four separate occasions, went to Jewel's dance club, where appellant purchased alcoholic beverages for her. Appellant also attended T.'s fifteenth birthday party in November 2005, which was held at Sarah's neighbor's house.
 {¶ 5} On January 13, 2006, the relationship between appellant and T. turned sexual, when they engaged in unprotected intercourse at appellant's mother's home in Painesville, Ohio. Between January 13 and May 18, 2006, appellant and T. engaged in unprotected sexual intercourse on two other occasions; once on a couch in the back room of appellant's business in Painesville Township, Ohio, and once at T.'s mother's house after Sarah had gone to work. *Page 3 
 {¶ 6} During this time, appellant purchased gifts, including jewelry and flowers for Valentine's Day. Appellant had the flowers sent to T.'s school. In addition, appellant also promised T. he would give her a Ford Mustang for her sixteenth birthday. Appellant also paid for a tattoo for T., with her mother's consent.
 {¶ 7} In April of 2006, police initiated an investigation into appellant's activities. The investigation included interviewing several witnesses and securing appellant's cellular phone records. Two longtime friends of appellant reported that he had bragged about his sexual relationship with T. One of these individuals, Bob Brown, testified that he told appellant that he had heard that T. was only fifteen years old, but that appellant "blew off" his concerns.
 {¶ 8} On May 18, 2006, Detective Scott Stranahan of the Lake County Sheriff's Office brought T. in for questioning. After initially denying having had a sexual relationship with appellant, T. recanted, when confronted with the telephone records, and admitted that appellant had sex with her on three separate occasions. As part of the investigation, T. assisted Detective Stranahan in making a series of controlled telephone calls to appellant. After initial unsuccessful attempts to contact appellant, investigators were eventually able to record a conversation between T. and appellant in which they discussed sexually transmitted diseases.
 {¶ 9} On June 1, 2006, a warrant was issued for appellant's arrest. Appellant was apprehended two months later by police in Maryland.
 {¶ 10} On December 29, 2006, the Lake County Grand Jury returned an indictment charging appellant with three counts of Unlawful Sexual Conduct with a minor, felonies of the third degree, since appellant was over ten years older than T., *Page 4 
contrary to and in violation of R.C. 2907.04(A) and (B)(3). On January 5, 2007, appellant waived his right to be present at his arraignment and entered a plea of not guilty to all of the charges.
 {¶ 11} On April 2, 2007, the state filed a motion in limine, seeking to preclude any questioning or references to sexual activity between T. and any other person other than appellant. This motion was granted by the trial court, and the action proceeded to jury trial.
 {¶ 12} On April 3, 2007, the jury found appellant guilty on all three counts.
 {¶ 13} On May 9, 2007, appellant was sentenced to two years on each count, to be served consecutively, for a total prison sentence of six years. In addition, appellant was adjudicated a sexually oriented offender, pursuant to R.C. Chapter 2950, and made subject to the registration verification requirements set forth in R.C. 2950.04 through R.C. 2950.06 for a period of ten years.
 {¶ 14} Romig timely appealed his judgments of conviction and sentence, raising three assignments of error for our review:
 {¶ 15} "[1.] Appellant was severely prejudiced and deprived of his right to a fair trial by the ineffective assistance of his trial counsel.
 {¶ 16} "[2.] The trial court erred when it granted the state's motion in limine as to previous sexual conduct of the victim, over appellant's continued objections and proffer.
 {¶ 17} "[3.] The trial court erred when it sentenced appellant in a manner inconsistent and disproportionate with other, similar Ohio cases and the sentences of his co-defendants." *Page 5 
 {¶ 18} In his first assignment of error, appellant argues that his trial counsel was ineffective for failing to object to the admission of certain testimony by the state's witness, Robert Brown, and by failing to move for acquittal, pursuant to Crim.R. 29, at the close of the state's evidence. Neither of these arguments has merit.
 {¶ 19} In determining whether trial counsel's assistance was so ineffective as to justify a reversal of a defendant's conviction, a criminal defendant must satisfy the two-part test set forth inStrickland v. Washington (1984), 466 U.S. 668. To establish a claim of ineffective assistance of trial counsel, "the defendant must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Id. at 687. Thus, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 {¶ 20} "[T]he proper standard for attorney performance is that of reasonably effective assistance * * * [and] the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-688.
 {¶ 21} The Supreme Court of Ohio, in following Strickland, recognized that there are "countless ways to provide effective assistance in any given case," and thus, "judicial scrutiny of counsel's performance must be highly deferential." State v. Bradley (1989), 42 Ohio St.3d 136, 142
(citations omitted).
 {¶ 22} Accordingly, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the *Page 6 
challenged action `might be considered sound trial strategy.'"Strickland, 466 U.S. at 689 (citation omitted).
 {¶ 23} Appellant argues that his trial counsel committed prejudicial error by failing to object to the following testimony from state's witness Robert Brown:
 {¶ 24} "Q: Okay. Did you have an opportunity to talk to Keith about the relationship between he and [T.]?
 {¶ 25} "A: Yes.
 {¶ 26} "Q: And where did that take place?
 {¶ 27} "A: Jewel's dance hall.
 {¶ 28} "* * *
 {¶ 29} "Q: And how did that conversation go? Explain to us what that conversation was all about.
 {¶ 30} "A: Keith was just on the phone and we were all there having a good time and he got off the phone and said that it was [T.] and just said that, you know, that's some tight piece of ass.
 {¶ 31} "Q: How did you respond? What did you say, if anything?
 {¶ 32} "A: I just told him it was sick.
 {¶ 33} "Q: Did you tell him why you thought it was sick?
 {¶ 34} "A: Yeah, because she was so young.
 {¶ 35} "Q: And specifically did you talk to him about how old she was?
 {¶ 36} "A: Yeah.
 {¶ 37} "Q: And what did you say to the defendant?
 {¶ 38} "A: I just told him that I heard that she was only 15. *Page 7 
 {¶ 39} "Q: All right. Did you get a response from him based on that?
 {¶ 40} "A: Yeah. He just kind of blew it off and said who cares."
 {¶ 41} Evid R. 801(C) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." "Thus, [t]o constitute hearsay, two elements are needed. First, there must be an out-of-court statement. Second, the statement must be offered to prove the truth of the mater asserted. If either element is not present, the statement is not `hearsay.'" State v. Maurer (1984), 15 Ohio St.3d 239,262 (citations and footnote omitted). Hearsay is ordinarily inadmissible at trial, unless it falls under an exception to the rules of evidence. Evid.R. 802.
 {¶ 42} Appellant contends that Brown's first statement telling appellant that he "heard she was only 15" was hearsay, because it was offered to prove the truth of the matter asserted, that is, that T. was indeed fifteen years old.
 {¶ 43} Under the Maurer test, the first element is satisfied since the statement was undoubtedly made out of court. However, Maurer also held that "if a statement is offered for some purpose other than to prove thetruth of the matter asserted, admissibility should be governed by the standards of relevancy and prejudice." 15 Ohio St.3d at 263 (emphasis added).
 {¶ 44} "Relevant Evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.
 {¶ 45} R.C. 2907.04, which proscribes Unlawful Sexual Conduct with a Minor, states as follows: "No person who is eighteen years of age or older shall engage in *Page 8 
sexual contact with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard." R.C. 2907.04(A).
 {¶ 46} For the purpose of determining criminal liability, the Ohio Revised Code defines "knowledge" with regard to circumstances as a person's awareness "that such circumstances probably exist." State v.Hale, 11th Dist. No. 2007-P-0015, 2007-Ohio-6244, at ¶ 15 (citations omitted); R.C. 2901.22(B). Recklessness with regard to circumstances is the perverse disregard of "a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 47} As is evident from the language of R.C. 2907.04 (A), appellant's state of mind is an essential element of the offense. Contrary to appellant's assertions, we do not find that the aforementioned statement was made to prove T's age, since this fact had previously been established by her testimony, but rather to prove appellant's knowledge of this fact, or recklessness with regard to this fact. The admission of out of court statements is "not inadmissible hearsay [when] not offered to prove the truth of the matters contained therein, but is relevant to the knowledge and state of mind of the person in possession [of the information]." State v. Carter,72 Ohio St.3d 545, 549, 1995-Ohio-104, citing State v. Davis (1991),62 Ohio St.3d 326, 344; see also, Maurer, 15 Ohio St.3d at 262 ("it is non-hearsay if an out-of-court statement is offered to prove a statement was made and not for its truth") (citations omitted).
 {¶ 48} Appellant also challenges Brown's testimony that he "blew off" Brown's statement and said "who cares?" Appellant makes the argument that this evidence should not have been admitted, because it was unclear as to whether his reaction was *Page 9 
to Brown's statement about T's age, or whether he did not care about "an unsubstantiated rumor from an unknown source."
 {¶ 49} As with Brown's previous statement, the fact in issue is appellant's state of mind, specifically, his awareness of, and reaction to, the possibility that T. was fifteen years of age. Brown's testimony with regard to appellant's reaction was undoubtedly highly relevant to this issue. It is well-settled that, "[i]n establishing an accused's state of mind, circumstantial evidence is particularly appropriate, since the intent of a person cannot [ordinarily] be ascertained through direct testimony by a third party." State v. Heilman, 11th Dist. Nos. 2004-T-0133 and 2004-T-0135, 2006-Ohio-1680, at ¶ 26 (citation omitted).
 {¶ 50} Since both of Brown's statements were clearly admissible under the Ohio Rules of Evidence, appellant's trial counsel did not err by failing to object to the aforementioned testimony.
 {¶ 51} Even if the statements were not admissible, we cannot conclude under these circumstances, that trial counsel was ineffective for electing not to object to the aforementioned testimony. Defense counsel's failure to object to testimony offered at trial is a tactical trial decision. See State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, at ¶ 83. "[B]ecause `objections tend to disrupt the flow of trial, [and] are considered technical and bothersome by the factfinder,' * * * competent counsel may reasonably hesitate to object in the jury's presence." State v. Root, 11th Dist. No. 2003-A-0043, 2004-Ohio-2439, at ¶ 38 (citation omitted). "[E]rrors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel." State v. Vinson, 11th Dist. No. 2006-L-238, 2007-Ohio-5199, at ¶ 31 (citation omitted). *Page 10 
 {¶ 52} For the foregoing reasons, we find no merit to appellant's argument.
 {¶ 53} In his second argument under the first assignment of error, appellant contends that his trial counsel erred by not moving for a Crim.R. 29 motion for acquittal. We disagree.
 {¶ 54} Under the Ohio Rules of Criminal Procedure, a defendant may move the trial court for a judgment of acquittal "if the evidence is insufficient to sustain a conviction." Crim.R. 29(A).
 {¶ 55} "[Sufficiency of the evidence * * * challenges whether the state has presented evidence for each element of the charged offense. The test for sufficiency of evidence is whether, after viewing the probative evidence and the inferences drawn from it, in a light most favorable tothe prosecution, any rational trier of fact could find all elements of the charged offense proven beyond a reasonable doubt." State v.Barno, 11th Dist. No. 2000-P-0100, 2001-Ohio-4319, 2001 Ohio App. LEXIS 4280, at *16 (emphasis added).
 {¶ 56} Whether sufficient evidence has been presented is a question of law, thus, an appellate court is not permitted to weigh the evidence when making this inquiry. State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at *13 (citations omitted). Thus, an appellate court will examine the evidence and determine whether that evidence, "if believed, would convince the average mind of a defendant's guilt beyond a reasonable doubt." State v. Norwood, 11th Dist. No. 2005-L-047, 2006-Ohio-3415, at ¶ 15 (emphasis added). *Page 11 
 {¶ 57} Appellant argues that defense counsel's failure to raise a Crim.R. 29 motion was prejudicial error, since there was no direct evidence, other than Robert Brown's statement, that he was ever told T. was under sixteen years old.
 {¶ 58} In order to establish the general offense of Unlawful Sexual Conduct with a Minor, the state must offer evidence establishing that the accused: 1) was 18 or older at the time of the offense; 2) Engaged in sexual conduct; 3) With one who is not the offender's spouse when; 4) the Offender knows the person is older than 13 years, but younger than 16 years or was reckless as to the child's age. State v. Mount, 3rd Dist. No. 9-04-18, 2004-Ohio-6961, at ¶ 7, citing R.C. 2907.04(A) (emphasis added). In the case of the third-degree felony version of this offense, the state must additionally offer evidence that "the offender [was] ten or more years older than the other person." R.C.2709.04(B)(3).
 {¶ 59} Appellant admitted at trial that he engaged in sexual conduct, i.e., vaginal intercourse, with T. on three separate occasions. Evidence adduced at trial further established, at the time of the offenses, that appellant was thirty-seven years old, and appellant was fifteen. Since we have previously determined that both of Brown's statements were properly admitted to establish the elements of knowledge and/or recklessness as to the victim's age, the state offered ample evidence to allow the case to go to the jury. Thus, trial counsel did not err in failing to move for acquittal.
 {¶ 60} Furthermore, similar to the decision not to object to certain testimony, "trial counsel's decision not to make a Crim.R. 29(A) motion for acquittal [is] a matter of trial strategy." State v. Zuniga, 6th Dist. No. L-00-1265, 2002-Ohio-5902, at ¶ 28. "Strategic and tactical decisions will not form the basis of a claim of ineffective assistance of *Page 12 
counsel, even if there had been a better strategy available * * *."State v. Allen (Sept. 22, 2000), 11th Dist. No. 99-A-0050, 2000 Ohio App. LEXIS 4356, at *11 (citation omitted).
 {¶ 61} Based upon the foregoing, appellant's trial counsel was not ineffective. Appellant's first assignment of error is without merit.
 {¶ 62} In his second assignment of error, appellant challenges the trial court's grant of the state's motion in limine. Appellant argues that his inability to introduce any evidence or testimony related to possible sexual encounters between T. and others unfairly prejudiced him, since it gave him no means of countering the state's evidence related to the knowledge and/or recklessness element of the offense. We disagree.
 {¶ 63} An appellate court reviews the trial court's decision to grant or deny a motion in limine, after a proper proffer seeking to introduce such evidence, under an abuse of discretion standard. Hores v.Weaver, 11th Dist. Nos. 2004-T-0045, 2004-T-0047 and 2004-T-0048,2005-Ohio-6076, at ¶¶ 23-24. "Abuse of discretion" means more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157-158 (citations omitted).
 {¶ 64} We conclude that appellant's counsel properly preserved the issue for our review by stating that he was "going to inquire about [T.'s] sexual activity prior to * * * Mr. Romig due to the fact that Mr. Romig was aware of this and [it] led him to believe that she was older in fact than she turned out to be."
 {¶ 65} Appellant cites to the Second District's case, State v.Smiddy, 2nd Dist. No. 06CA0028, 2007-Ohio-1342, for the proposition that "the trial court's refusal to admit his proffered evidence [on the basis of the Rape Shield Statute, R.C. 2907.02(D)] *Page 13 
constituted an abuse of discretion and deprived him of * * * a fair trial by unduly restricting his ability to cross-examine the victim on matters relevant to her credibility, and by impairing his ability to present a defense." Id. at ¶ 18. The court in Smiddy held that "R.C. 2907.02(D) does not apply to prosecutions for alleged violations of R.C. 2907.04(A)," and that a trial court errs "in applying R.C. 2907.02(D) to bar Defendant's evidence of the victim's previous sexual activity with persons other than Defendant."
 {¶ 66} However, a review of the state's motion in limine indicates no such reliance on the Rape Shield Statute. Instead, the state relied on Evid. R. 403(A), which prohibits the admission of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Contrary to appellant's assertions, it was his defense counsel, and not the state, that raised the statutory issue. "Absent a demonstration in the record that the trial court did not do so, it is presumed that a trial court has followed and applied Evid.R. 403 in the admission or exclusion of evidence." State v. McCown, 10th Dist. No. 06AP-153,2006-Ohio-6040, at ¶ 21.
 {¶ 67} Although Smiddy held that an application of R.C. 2907.02(D) was an improper means for a court to exclude evidence in a prosecution under R.C. 2907.04(A), the court held that "the key issue [in such a prosecution] is whether Defendant engaged in sexual conduct with the minor-victim. It is irrelevant whether the victim was a virgin, whether she seduced Defendant, or whether she previously engaged in sexual conduct with other men. Those matters have marginal relevance and probative value at best, and only to the extent Defendant claims that if the victim is *Page 14 
being untruthful about those matters, then her testimony about having sex with Defendant is also suspect." Id. at ¶ 32.
 {¶ 68} In the case sub judice, no such "marginal relevance and probative value" exists, since appellant admitted to engaging in sexual conduct with T. on the three separate occasions on which the charges against him were based. Thus, "[i]n balancing the State's interests against Defendant's right to confront his accuser and present evidence in his own defense, the trial court [does] not abuse its discretion, as that term is defined by law, in resolving that balance against admission of this unduly inflammatory and prejudicial evidence in accordance with Evid.R. 403(A)." Id. at ¶ 37.
 {¶ 69} For these reasons, the trial court did not err in granting the state's motion to exclude this evidence. Appellant's second assignment of error is without merit.
 {¶ 70} In his third assignment of error, appellant argues that his sentence was not proportional with other similarly-situated defendants, since the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11(B) and failed to consider or to properly apply the seriousness and recidivism factors under R.C. 2929.12. We disagree.
 {¶ 71} The overriding purposes of felony sentencing in Ohio "are to protect the public from future crime by the offender * * * and to punish the offender." R.C. 2929.11(A). Moreover, a felony sentence must be consistent with other sentences imposed for similar crimes, "reasonably calculated" to achieve the overriding purposes of felony sentencing, and "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). *Page 15 
 {¶ 72} A court imposing sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). Moreover, in State v. Foster, the Ohio Supreme Court emphasized that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 2006-Ohio-856, at ¶ 100.
 {¶ 73} The statutory range of sentencing for third degree felonies is one to five years. R.C. 2929.14(A)(3). In the case sub judice, appellant was sentenced to two years on each count, to be served consecutively; thus the trial court imposed a sentence within the statutory range.
 {¶ 74} A review of the judgment entry of sentence reveals that the trial court, in imposing consecutive sentences upon the appellant, "considered the record, oral statements, any victim impact statement, pre-sentence report and/or drug evaluation submitted by the Lake County Adult Probation Department of the Court of Common Pleas, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under [R.C] 2929.12."
 {¶ 75} "[I]t is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision." State v. Latessa, 11th Dist. No. 2006-L-108, 2007-Ohio-3373, at ¶ 57 (citation omitted). "Thus, the only way for Appellant to demonstrate that his sentence was `inconsistent' * * * is if he establishes that the trial court failed to * * * consider the * * * guidelines contained in [Ohio's sentencing statutes]." Id. (citation omitted). *Page 16 
 {¶ 76} In State v. Sanders, 11th Dist. No. 2006-L-222, 2007-Ohio-3207, we stated that "[t]he Ohio Supreme Court has characterized both R.C.2929.11 and 2929.12 `as a general judicial guide for every sentencing.'" Id. at ¶ 16, citing Foster, 2006-Ohio-856, at ¶ 36. "There is no `mandate' for the sentencing court to engage in any factual finding under these statutes, rather, `[t]he court is merely to `consider' the statutory factors.'" Id. (citation omitted). "Accordingly, the trial court is not required to make specific findings on the record to `evince the requisite consideration of the applicable seriousness and recidivism factors.'" Id., citing State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302. "Nor is a trial court required to make specific findings on the record in order to demonstrate that it engaged in the analysis under R.C. 2929.11 to ensure that the sentence is not demeaning to the seriousness of the offender's conduct." Id., citing State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 35
(citations omitted).
 {¶ 77} We cannot conclude that the trial court erred by imposing the sentence herein. Appellant's third assignment of error is without merit.
 {¶ 78} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.
TIMOTHY P. CANNON, J., concurs, COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1