OPINION
{¶ 1} Defendant-appellant, Eric I. Bettinger, appeals from the judgment entry of the Lake County Court of Common Pleas, in which he was sentenced to a prison term of eight years for Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2). For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On April 12, 2007, Bettinger invited the victim, Austin Tenerove, to his home. Shortly after Tenerove arrived, he got into an argument with another guest which quickly escalated into a physical fight outside Bettinger's house. Bettinger retrieved a pool cue from inside his house and struck Tenerove somewhere between 4 and 10 times in his head and other parts of his body. Tenerove sustained serious injuries including deep lacerations to his head, which required stitches and/or staples to close the wounds, as well as a broken hand. Tenerove's total medical costs amounted to over $11,000.
 {¶ 3} On May 25, 2007, Bettinger was indicted by the Lake County Grand Jury for two counts of Felonious Assault, felonies of the second degree, in violation of R.C. 2903.11 (A)(1) and (A)(2).
 {¶ 4} On September 19, 2007, Bettinger pled guilty to Felonious Assault, in violation of R.C. 2903.11(A)(2), and the second count of Felonious Assault, in violation of R.C. 2903.11(A)(1), was dismissed. On October 25, 2007, Bettinger failed to appear for the scheduled sentencing hearing. His bond was revoked and a warrant for Bettinger's arrest was issued.
 {¶ 5} On January 10, 2008, a sentencing hearing was held. After consideration of the contents of the pre-sentence report, the oral statements of counsel and Bettinger, as well as the principles and purpose of sentencing under R.C. 2929.11, and after balancing the seriousness and recidivism factors under R.C. 2929.12, the trial court sentenced Bettinger to serve a prison term of 8 years followed by 3 years of post-release control. Additionally, Bettinger was ordered to pay restitution to Tenerove in the amount of $11,000. *Page 3 
 {¶ 6} Bettinger timely appeals and raises the following assignment of error:
 {¶ 7} "[1.] The trial court erred by sentencing the defendant-appellant to the maximum term of imprisonment."
 {¶ 8} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences". Id. at paragraph seven of the syllabus. In light of Foster, this court has held that the trial court has full discretion to sentence within the statutory ranges. State v.Weaver, 11th Dist. No. 2006-L-113, 2007-Ohio-1644, at ¶ 33; State v.Martin, 11th Dist. No. 2006-L-191, 2007-Ohio-2579, at ¶ 19 ("[s]ince [appellant's] sentences fall within the statutory range, we cannot conclude the trial court abused its discretion by imposing a sentence inconsistent with similarly situated offenders"); see, also, State v.Sanders, 11th Dist. No. 2006-L-222, 2007-Ohio-3207, at ¶ 18.
 {¶ 9} Bettinger maintains the eight year prison sentence he received, the maximum sentence for a second degree felony, is not supported by the record. He claims the trial court failed to give appropriate consideration, under R.C. 2929.12(E), to the following mitigating factors: Bettinger showed genuine remorse, he repeatedly acknowledged his alcohol and drug addiction, and was willing to obtain treatment, and he was not the aggressor.
 {¶ 10} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the *Page 4 
offender." R.C. 2929.11(A). A court imposing a sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A). "In the exercise of this discretion, a court `shall consider' the non-exclusive list of seriousness and recidivism factors set forth in R.C. 2929.12(B), (C), (D), and (E)." Sanders, 2007-Ohio-3207, at ¶ 15. There is no "mandate" for the sentencing court to engage in any factual finding under these statutes. Rather, "[t]he court is merely to `consider' the statutory factors." Foster, 2006-Ohio-856, at ¶ 42. Consequently, the trial court is not required to make specific findings on the record to "evince the requisite consideration of the applicable seriousness and recidivism factors." State v. Arnett, 88 Ohio St.3d 208, 215,2000-Ohio-302. Nor is a trial court required to make specific findings on the record in order to demonstrate that it engaged in the analysis under R.C. 2929.11 to ensure that the sentence is not demeaning to the seriousness of the offender's conduct. State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, at ¶ 35 (citations omitted).
 {¶ 11} Although not required to do so, the court identified the aggravating factors making Bettinger's crime more serious, including the significant physical, psychological, and economic harm Tenerove suffered and how Bettinger's relationship with Tenerove facilitated the offense. During the sentencing hearing, the court made the following observations: Bettinger has a long history of violence, viciousness, and anti-social behavior, he only sought treatment for his drug and alcohol problem after the case arose, he did not accept responsibility and was not genuinely remorseful. The court also found that Bettinger poses the greatest likelihood of recidivism since he had *Page 5 
previously been incarcerated for violent offenses, specifically Child Endangerment and Domestic Violence.
 {¶ 12} The record before us demonstrates that the court complied with R.C. 2929.12 by considering the pre-sentence report, the oral statements of counsel and Bettinger, as well as the principles and purposes of sentencing under R.C. 2929.11. Finally, before rendering a decision, the trial court balanced the seriousness and recidivism factors under R.C. 2929.12. Most importantly, Bettinger's sentence of eight years falls within the prescribed range for a felony of the second degree, which is between two and eight years. R.C. 2929.14(A)(2). Therefore, the trial court did not abuse its discretion in imposing the maximum sentence.
 {¶ 13} Bettinger's sole assignment of error is without merit.
 {¶ 14} For the foregoing reasons, the judgment entry of the Lake County Court of Common Pleas sentencing Bettinger to a prison term of eight years is affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1